In the Matter of the Arbitration between
**OINOUSSIAN STEAMSHIP CORP. OF PANAMA, Owners of the M.V. OINOUSSIOS, Petitioner,**
and
**SABRE SHIPPING CORPORATION, Respondent.**

United States District Court
S. D. New York.

Dec. 18, 1963.

Cardillo & Mooney, New York City, for petitioner, Donald F. Mooney, Milton E. Bernhard, New York City, of counsel.

Burlingham, Underwood, Barron, Wright & White, New York City, for respondent, Gerard Harrington, Jr., New York City, of counsel.

WEINFELD, District Judge.

The respondent-charterer opposes confirmation of an award rendered by a majority of the arbitrators in favor of the petitioner-owner in the sum of $15,-221.47 on the grounds that:

(1) $1,790.42 thereof was awarded on an issue never submitted to the arbitrators;

(2) $1,828.12 of the award was based upon a mathematical miscalculation or on evidence not introduced at the arbitration hearings, but apparently secured independently; and

(3) $4,562.23 of the award was without evidential support and contrary to the only evidence submitted, the owner's own records.

 The petitioner and the respondent entered into a charter party which provided that "any dispute" thereunder shall be submitted to three arbitrators "who shall be commercial men." When the instant disputes arose between the owner and the charterer, a formal submission was agreed to wherein the arbitrators were designated pursuant to the provision contained in the charter party. The submission in the whereas clause noted that "disputes have arisen between the parties," but did not delineate any precise issue to be considered by the arbitrators. Thus, the arbitrators were granted unrestricted authority to pass upon any dispute presented to them and arising under the charter party.

The award now under attack was made after hearings at which the parties were represented by counsel who exchanged briefs, schedules of claims and other information. More than forty exhibits were received in evidence. The proceedings appear to have been conducted on an informal basis; no minutes were kept or are submitted on this motion. The contentions advanced by respondent in opposition to confirmation are challenged by petitioner as factually incorrect; thus, there is charge and countercharge.

 As to the first contention that the arbitrators exceeded their authority by making an award on an issue never submitted to them, respondent (the charterer) alleges that after the conclusion of the hearings, opposing counsel, in his brief, referred to the withdrawal of a commission item of $1,790.42 which had previously been credited by the owner to the charterer and requested an award in that amount. Respondent asserts that its proctors objected to the introduction of this item, but the arbitrators allowed it and held that the owner was entitled to revoke the credit. Petitioner (the owner), contrary to respondent's position, insists it was an item in dispute, that it was a major issue in the arbitration, the amount of which could not be established until a final determination, in the arbitration proceeding, of the calculation of hire which itself was another major disputed item, and that respondent had been credited with the commissions on the assumption it would pay them "as is frequently done" based on petitioner's calculations of charter hire. Two exhibits received in evidence at the very first hearing show that the challenged item was presented to and considered by the arbitrators. In any event, the issue appears to be intertwined with the calculation of hire, an issue admittedly within the competence of the arbitrators. Submission here, as already noted, is broad in scope and without restriction, and there is no basis to support the charge that "the arbitrators exceeded their powers."[1]

 The attack on the two remaining items merits little discussion, since the Court's function in confirming or vacat-

1. 9 U.S.C. § 10(d):
"In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon

ing an arbitration award is severely restricted.[2] Both are challenged for lack of evidential support and with respect to one of these, the award of $1,828.12, the further argument is advanced that the arbitrators were guided not by evidence, but that they relied upon a custom of trade allegedly not proved or mentioned at the arbitration hearing.

As to the first objection, lack of evidential support, there is as little justification for inquiry into the factual basis upon which the arbitrators reached their judgment as there is for inquiry into the basis upon which a jury determination rests.[3] An award within the scope of the submission is conclusive on fact issues and interpretation of law.[4] Equally lacking in substance is the objection that the arbitrators grounded their award upon a custom of trade as to which no evidence had been submitted. The arbitration clause required that the arbitrators be "commercial men." It is alleged and not denied that each arbitrator had "specialized and expert knowledge of the shipping industry." Clearly the parties contemplated that their specialized knowledge of the trade would be applied; in effect, it would be carrying coals to Newcastle to require presentation of evidence to experts in the field. This very situation drew the following comment from Judge Hand:

"If they [the arbitrators] were of that trade, they were justified in resorting to their personal acquaintance with its prices. In trade disputes one of the chief advantages of arbitration is that arbitrators can be chosen who are familiar with the practices and customs of the calling, and with just such matters as what are current prices, what is merchant-able quality, what are the terms of sale, and the like. Although we have been able to find very little on the point, such decisions as there are, appear to assume that they may resort to their acquaintance with such facts." [5]

The motion to confirm the award is granted; the cross-motion to vacate or modify is denied; and judgment may be entered accordingly.

the application of any party to the arbitration—* * *

(d) Where the arbitrators exceeded their powers, * * *."

2. Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805 (2d Cir. 1960).

3. See, e.g., McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915).

4. Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805 (2d Cir. 1960).

5. American Almond Prods. Co. v. Consolidated Pecan Sales Co., 144 F.2d 448, 450 (2d Cir. 1944).