**OFFICE OF SUPPLY, GOVERNMENT OF the REPUBLIC OF KOREA, Petitioner-Appellant,**

v.

**NEW YORK NAVIGATION COMPANY, INC., Respondent-Appellee.**

**No. 85, Docket 72-1543.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 18, 1972.

Decided Nov. 8, 1972.

Haight, Gardner, Poor & Havens, New York City (R. Glenn Bauer, New York City, of counsel), for respondent-appellee.

Dunn & Zuckerman, New York City (Morton Zuckerman, New York City, of counsel), for petitioner-appellant.

Before MANSFIELD, OAKES and TIMBERS, Circuit Judges.

MANSFIELD, Circuit Judge:

This appeal raises the question whether arbitrators were entitled to decide that a claim for cargo damage was time-barred by application of the parties' agreement that the carrier and ship would be discharged from all liability unless suit were brought within one year after delivery of the goods. We hold that they had the power to do so and affirm.

On November 21, 1966, respondent New York Navigation Company, Inc. ("NYNCO"), a shipowner, entered into a contract of affreightment with petitioner, the Office of Supply, Government of the Republic of Korea ("OSROK"), whereby NYNCO agreed to furnish three vessels to OSROK for carriage of cargoes of fertilizer from the Gulf of Mexico to Korea. The contract expressly incorporated the New York Exchange Arbitration Clause, which provided for arbitration of any disputes that might arise between the parties [1] and the U.S. A. Paramount Clause, which subjected the contract to the provisions of the Carriage of Goods by Sea Act of the United States ("COGSA"), approved April 16, 1963, 46 U.S.C. § 1303(6). The latter provides that the carrier and ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.[2]

In December, 1966, the S.S. John Weyerhauser, which was nominated by NYNCO as the first vessel to perform under the contract, loaded 6,996 tons of fertilizer at Port Tampa, Florida, the carrier issuing a bill of lading dated December 23, 1966, which incorporated COGSA by reference and contained the following clause:

"In any event the Carrier and the ship shall be discharged from all lia-

1. The New York Produce Exchange Arbitration Clause reads:

"Should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

2. The pertinent provision of COGSA is as follows:

"In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered: *Provided,* That if a notice of loss or damage, either apparent or concealed, is not given as provided for in this section, that fact shall not affect or prejudice the right of the shipper to bring suit within one year after the delivery of the goods or the date when the goods should have been delivered." 46 U.S.C. § 1303(6).

bility in respect of loss, delay or damage unless suit is brought within one year after the delivery of the goods or the date when the goods should have been delivered. Suit shall not be deemed brought until jurisdiction shall have been obtained over the Carrier and/or the ship by service of process or by an agreement to appear."

The ship discharged the cargo at Mokpo, Korea, on March 18, 1967, at which time OSROK notified the Master of the ship that some of the cargo was wet. However OSROK neither invoked arbitration nor brought suit until more than two years later when its attorneys, on September 30, 1969, nominated an arbitrator and made a motion in the United States District Court for the Southern District of New York to compel NYNCO to arbitrate, which was granted. The submission agreement signed by the parties provided:

"Now therefore it is agreed that the arbitrators should decide the following questions in the following order:

"1. Is OSROK's claim against NAVIGATION time-barred?

"2. If OSROK's claim is not time-barred is NAVIGATION liable to OSROK for damage to the cargo? . . ."

After three hearings the arbitrators, by a 2 to 1 decision, dismissed the claim on the ground that it was time-barred by reason of OSROK's failure to commence arbitration proceedings within the one-year limitation imposed by the COGSA clause. The dissenting arbitrator took the view that laches, rather than COGSA's one-year time bar, applied to arbitrations. OSROK's motion to vacate the award was denied by the district court and NYNCO's cross-motion to confirm was granted, and from that disposition this appeal was taken.

■■■ Turning to the merits it is settled that upon judicial review of an arbitrators' award "the court's function in . . . vacating an arbitration award is severely limited", Amicizia Societa Nav. v. Chilean Nitrate & Iodine S. Corp., 274 F.2d 805, 808 (2d Cir.) cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L. Ed.2d 1727 (1960), being confined to determining whether or not one of the grounds specified by 9 U.S.C. § 10 for vacation of an award exists.[3] An award will not be set aside because of an error on the part of the arbitrators in their interpretation of the law. South East Atlantic Shipping Ltd. v. Garnac Grain Co., 356 F.2d 189 (2d Cir. 1966). Judicial review has been thus restricted in order to further the objective of arbitration, which is to enable parties to resolve disputes promptly and inexpensively, without resort to litigation and often without any requirement that the arbitrators state the rationale behind their decision. It is true that in Wilko v. Swan, 346 U.S. 427, 436, 74 S.Ct. 182, 98 L.Ed. 168 (1953), relied upon by appellant, the Supreme Court opened the door

3. "In either of the following cases the United States court * * * may make an order vacating the award upon the application of any party to the arbitration—

"(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators."

9 U.S.C. § 10 (1970).

to another ground of review, holding that a court may vacate an award which is the product of the arbitrators' "manifest disregard" of applicable law. However, as we pointed out in Saxis Steamship Co. v. Multifacs International Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967), this judicially-created addition to the proscriptions of 9 U.S.C. § 10 is "severely limited."

■■ Applying these principles here it is all but conceded that none of the grounds specified by 9 U.S.C. § 10 for vacation of an award exist in this case, unless some of that statute's terms are construed to be synonymous with "manifest disregard of the law." However, we fail to find any such manifest disregard of the law on the arbitrators' part in concluding that OSROK's claim was time-barred by the one-year provisions of COGSA, which was incorporated by reference in the agreement of the parties and quoted in full on the reverse side of the bill of lading. It was not unreasonable for the arbitrators to conclude that its effect in the present case was to extinguish OSROK's claim. See, e. g., M. V. M. Inc. v. St. Paul Fire & Marine Ins. Co., 156 F.Supp. 879 (S.D. N.Y.1957), rev'd on other grounds, St. Paul Fire & Marine Ins. Co. v. United States Lines Co., 258 F.2d 374 (2d Cir. 1958), cert. denied, 359 U.S. 910, 79 S.Ct. 587, 3 L.Ed.2d 574 (1959). Such an expressed contractual time-bar must be distinguished from laches, which is essentially a principle of equity. Czaplicki v. Hoegh Silvercloud, 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).

■ Our decision is not inconsistent with Son Shipping Co. v. DeFosse & Tanghe, 199 F.2d 687 (2d Cir. 1952), so heavily relied upon by appellant, which held that COGSA's one-year time-bar did not preclude the carrier from invoking arbitration. Having agreed upon arbitration as the procedure for resolution of their differences the parties should not be enjoined from utilizing that procedure, even though the demand for arbitration may be late, since the arbitrators may find upon the record before them in an appropriate case that the one-year time-bar does not govern the particular dispute, either because it was not incorporated in the bill of lading through the charter party or contract of affreightment, or because the provision was later waived or modified by the parties, or for some other reason. In short, where parties have agreed to settle differences by arbitration, they should not be denied access to that forum, regardless of COGSA's one-year time-bar, provided they invoke arbitration within a reasonable time after their differences have arisen. *Son Shipping Co.*, *supra* at 689. Thereafter it is for the arbitrators, not the court, to decide whether a claim is time-barred by their agreement. See, in accord, 2 J. Maritime L. & Comm. 15 (Oct. 1970); Denny, Mott & Dickson, Ltd. v. Lynn Shipping Co., Ltd., 1 Lloyd's List L.R. 339, 344 (1963); The Merak [1964] 2 Lloyd's List L.R. 527, 532 (1965).

The order of the district court is affirmed.