Per Curiam.

The order of the Appellate Division should be affirmed.
On joining respondent association (a multi-employer collective bargaining association) each contractor-member agreed that, in the event of an alleged breach of its obligations of membership, claims of the association for damages therefor would be submitted to arbitration. In the event that the arbitrator should find that the member had violated its obligations, it was agreed that damages were to be awarded the association "in an amount no less than three (3) times the daily liquidated damage amount provided for in each * * * heavy and highway construction contract to which the undersigned firm is a party within the geographic area of the applicable labor contract * * * for each * * * day the firm complained of is found by the arbitrator to have been in violation of its obligations”.
A dispute thereafter arose between the association and appellant as to whether the latter had breached its agreement as a member of the association. On the demand of the association the parties proceeded to arbitration. The arbitrators held that appellant was in violation of the agreement for 58 days and awarded the association damages in the sum of $104,400. In so doing they stated: "It is the opinion of the undersigned that the liquidated damages clause is reasonable and necessary under the facts and circumstances herein, and therefore does not constitute a penalty.”
The association moved to confirm the award. Appellant made a cross motion to vacate the award, contending that the provision for damages was unenforceable as a penalty in violation of public policy. Special Term granted the motion to confirm and denied the cross motion to vacate. The Appellate Division majority affirmed, agreeing with the dissenters however that the damages clause imposed a penalty.
Having chosen the arbitration forum for the resolution of disputes with the association, appellant is bound by the deter *959 minations thereafter made by the arbitrators, including specifically the determination that the damages clause was not a penalty and was therefore enforceable. Once the issue is before the arbitrators, questions of law are for determination by them and are not open to resolution by judicial intervention (Matter of Raisler Corp. [N. Y. City Housing Auth.], 32 NY2d 274, 282; Lentine v Fundaro, 29 NY2d 382, 385; Matter of Wilkins, 169 NY 494).
Arbitration here was in consequence of a broad arbitration clause in a field of collective bargaining. In that field public policy favors the peaceful resolutions of disputes through arbitration as contrariwise it looks with disfavor on the exaction of penalties. There are involved no interests of third persons which can be said to transcend the concerns of the parties to the arbitration. In such circumstances and for the reasons stated by both Mr. Justice Louis M. Greenblott and Presiding Justice J. Clarence Herlihy at the Appellate Division, we conclude that there is in this case no question involving public policy of such magnitude as to call for judicial intrusion (cf. Matter of Aimcee Wholesale Corp. [Tomar Prods.], 21 NY2d 621, 625; Matter of Allied Van Lines [Hollander Express & Van Co.], 29 NY2d 35; semble contra, Matter of Publishers’ Assn. [Newspaper Union], 280 App Div 500).