Cooke, J.
The arbitration here arose out of deadlocks by both the Board of Trustees of the Firemen’s Variable Supplements Fund and the Board of Trustees of the Fire Officers Variable Supplements Fund concerning the adoption of a proposed rule and regulation for the administration of each fund.
Pursuant to sections B19-40.0 et seq. and B19-62.0 et seq. of the Administrative Code of the City of New York, two parallel but separate variable supplement funds were established for the uniformed firemen and the uniformed fire officers of the City of New York. These funds consist of such moneys as may be paid to them, respectively, from pension fund 1-B, pursuant to section B19-7.681 of the code and all other moneys received by each of such funds from any other source pursuant to law (Administrative Code, § B19-41.0, subd a; § B19-61.0, subd a). The funds function as a means whereby payments, not constituting a pension or retirement allowance, may be made to eligible pension fund beneficiaries as a supplement to benefits received by them under article 1 or 1-B of title B of the *116 Administrative Code (Administrative Code, § B19-41.0, subd b; § B19-61.0, subd b). The code sections creating the funds provide that each fund "shall have the powers and privileges of a corporation” (Administrative Code, §§ B19-44.0, B19-64.0).
Under sections B19-42.0 and B19-62.0 of the Administrative Code, the board of trustees of each of the funds consists of two representatives of the City of New York and two representatives of the respective employee organizations. Subdivision a of those sections empowers the respective boards, subject to applicable law and the prior approval of the Board of Estimate, to establish rules and regulations for the administration of such funds. It is also provided in subdivision f of the same sections that the fire commissioner shall assign to the board of trustees such clerical and other assistants as may be necessary for the performance of its functions.
On May 8, 1972, the board of trustees of each fund met and adopted 10 rules and regulations. A dispute arose in the meeting of each board as to a proposed 11th rule concerning the staffing of each fund. The representatives of the employee organizations moved for the adoption of a section 11 to the rules and regulations of each fund which would provide that, in addition to the staff provided by the fire commissioner, the board of trustees "shall employ such administrative, legal or expert assistance as it deems necessary” and "shall lease premises and purchase or lease materials, supplies and equipment as it shall deem necessary.” The organization trustees voted for the resolutions, the city trustees opposed and the resolution failed for lack of a majority. The city trustees, in turn, submitted another proposed section 11 providing that the fire commissioner shall assign to the respective fund such clerical and other assistants as may be necessary but that "[cjlerical and other assistants assigned to such Board shall not receive directly or indirectly any pay or emolument from the Variable Supplements Fund for their services.” Again, the boards deadlocked.
The Administrative Code provides, in respect to each fund, that in the event "that the votes of at least three members of such board are not cast in favor of any resolution proposed, such dispute shall be promptly referred to the arbitrator, designated, for the purpose of resolving such disputes * * * and his determination shall be adopted by the board” (§ B1942.0, subd d; § B19-62.0, subd d). After vacation by Special Term of an initial award and remand of the matter to the *117 arbitrator, the latter determined that, except as to the appointment of an "actuary”, the resolutions proposed by the unions’ trustees was a proper exercise of the corporate powers and privileges of the funds within the meaning of sections B19-44.0 and B19-64.0 of the Administrative Code, that the said proposed regulations be adopted by each respective board of trustees and that the costs and expenses in implementing each regulation be paid by each respective fund. The unions’ trustees instituted CPLR article 75 proceedings to confirm this award of the arbitrator and Special Term granted judgment in accordance therewith.
The Appellate Division reasoned: that the rules for the administration and transaction of the business of the funds are subject to applicable provisions of law and to the approval of the Board of Estimate; that the rules "adopted by the arbitrator” were never submitted to said board and were therefore ineffective; that the funds were established by legislation and nothing therein could be construed to give authority to the arbitrator to determine the statutory power of the boards of trustees; that the arbitrator exceeded his powers in making the award; that the only expenses which can be legally paid out of the moneys of the funds are those specifically authorized in the legislation, namely the payment of supplemental benefits to retirees and the cost of arbitration; and that to allow expenditures not authorized by legislation would result in the diminution of moneys available for payments to retirees. It concluded by holding that the judgment confirming the arbitrator’s award should be modified, on the law, "to the extent of striking so much thereof as directs the manner in which the union trustees proposed section 11 is to be funded”.
Petitioners, the unions’ representatives, appealed as of right from the Appellate Division determination but that appeal was dismissed under this court’s nine-month rule (22 NYCRR 500.6 [a]) and a motion to vacate the order of dismissal was thereafter denied. The Appellate Division granted leave to appeal to respondents, the city’s representatives, and they contend that the disputes here submitted to arbitration were not properly arbitrable and that the resolution of them is unlawful as being in conflict with legislation and against public policy.
The object of arbitration is to achieve a final disposition of differences between parties in an easier, more expeditious and *118 less expensive manner (5 Am Jur 2d, Arbitration and Award, § 1, p 519; 22 Carmody-Wait 2d, NY Prac, § 141:1, pp 716-717). It is favored by public policy in the resolution of private disputes, as well as those in the field of collective bargaining (Matter of Associated Gen. Contrs., N. Y. State Chapter [Savin Bros.], 36 NY2d 957, 959, 963 [Breitel, Ch. J., dissenting]).
True, under the Administrative Code, the establishment of rules and regulations for the administration of each fund is subject to the prior approval of the Board of Estimate (§ B1942.0, subd a; § B19-62.0, subd a). But this legislation possesses no greater authority or inviolability than do the legislative provisions of the code which specifically provide for the referral to an arbitrator of resolutions which fail to receive a majority vote, the resolving of such disputes by the arbitrator and the adoption of the arbitrator’s determination by the respective board of trustees (§ B19-42.0, subd d; § B19-62.0, subd d). Even though the provision for referral to arbitration is not invalid as being in conflict with legislation, insofar as such provision is itself embodied in legislation and despite the public policy favoring the arbitration process, these proceedings point out the inadvisability or inappropriateness of determining all controversies by such a method. In employing arbitration in a situation such as this, there is exposure to the risks of permitting the arbitrator to delve into the field of legislation and, not merely apply the law, but to make the law, which is certainly not within the ideal or normal concept of arbitration, and, even worse, to establish law inconsistent with that already in existence.
Once such an issue is before the arbitrator, questions of law are for determination by him and are not open to resolution by judicial intervention (cf. Matter of Associated Gen. Contrs., N. Y. State Chapter [Savin Bros.] 36 NY2d 957, 959, supra). Based upon this principle, the modification by the Appellate Division would be in jeopardy but petitioners’ appeals have been dismissed.
Under the circumstances, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed, without costs.