Wachtler, J.
(dissenting). Responsibility for setting the moral tone in civil service should not be wrested from local government by labor arbitrators. Recognizing this basic principle, the city objected in no uncertain terms when the arbitrator distended the notion of "just cause” by asserting a contractual as well as inherent authority to rule on the severity of a disciplinary penalty imposed by the municipal employer. While it is clear under present standards that the city should have moved to stay grievance proceedings rather than simply object to this usurpation of executive prerogative (see Matter of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509; Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578), the ultimate award reducing the disciplinary penalty was nonetheless a nullity.
*31 Overriding public policy considerations demand this conclusion. Municipal authorities may neither bargain away their duty to establish ethical standards for public officers and employees (see General Municipal Law, § 806, subd 1) nor be restricted in their power to enforce those standards by discharging those who participate in criminal acts (see Public Officers Law, § 30; Civil Service Law, § 75; cf. Board of Educ. v Areman, 41 NY2d 527; Matter of Cohoes Cent. School Dist. v Cohoes Teachers Assn., 40 NY2d 774).
The city’s Mayor initially exercised this responsibility when a local public works supervisor, in exchange for immunity from criminal prosecution, testified during a bribery trial that he had taken gratuities from the defendant, a salesman who regularly solicited business from the city. These admissions led to the salesman’s conviction. Although the city employee was immunized against a similar fate, regaining his job would require his union’s resort to a strained construction of the grievance procedures worked out with the city.
The arbitrator of course could not ignore the grievant’s public admissions of criminal complicity. Indeed, the arbitrator acknowledged that a "city official receiving a gratuity from a Vendor is inviting discharge. He is in fact constructively signing a blanket resignation.” But despite these findings, the arbitrator ruled that the penalty imposed by the city was too severe and that temperance compelled the employee’s reinstatement.
This amounted to nothing less than a usurpation of the most fundamental obligation of municipal government: the duty to maintain uncompromised integrity within its ranks. It can hardly be questioned that an elected official deprived of his ability to oust dishonest employees will be hard pressed to fulfill this obligation, let alone deal effectively with comparatively minor infractions or untoward incompetence.
Having acknowledged the discharged employee’s admitted misconduct and violation of public trust, the arbitrator should not, by either logic or law, be permitted to invade a province properly reserved to those who alone must account to the public for the effects of that conduct (see Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers’ Assn.], 37 NY2d 614; cf. Matter of Associated Gen. Contrs. [Savin Bros.], 36 NY2d 957). The basic tenor and direction of ethical standards governing conduct in municipal government should neither be molded by the pressures of collective bar *32 gaining nor left to the discretion of individual arbitrators. Accordingly, the order of the Appellate Division vacating the arbitrator’s award should be affirmed.
Chief Judge Breitel and Judges Jones and Fuchsberg concur with Judge Cooke; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judges Jasen and Gabrielli concur.
Order reversed, etc.