John J. **SWEENEY**, as President of Local 32B, Service Employees International Union, AFL–CIO, Plaintiff,

v.

Samuel **MORGANROTH** d/b/a Moren Realty Corp., Defendant.

No. 77 Civil 5318.

United States District Court,
S. D. New York.

June 7, 1978.

Israelson, Manning & Raab, New York City, for plaintiff; Perry S. Heidecker, New York City, of counsel.

Leaf, Kurzman, Deull & Drogin, New York City, for defendant; Ira Drogin, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff brings this action to confirm the award of an arbitrator in the amount of $26,170.64. Defendant cross-moves pursuant to 9 U.S.C., section 10, to vacate the award. The arbitration in question resulted from the provisions of the last in a series of collective bargaining agreements (the "Agreement") entered into by Local 32B, Service Employees International Union, AFL–CIO (the "Union") and defendant, a former apartment house owner. Article VII of the Agreement provides in pertinent part:

> In case of any sale, lease, transfer or assignment of control, occupancy or operation of the premises (hereinafter referred to as "transfer") the Employer shall give the Union two (2) weeks written notice prior to the effective date thereof; the Employer, be he seller, lessor, transferor, assignor or otherwise, shall, as a condition of the transfer require the transferee to agree in writing to adopt this agreement and offer employment to all employees of the Employer. Without in any way limiting the other rights and remedies of the Union, anyone failing to adhere to the foregoing provisions shall pay, in addition to such further damages as may be found by the Arbitrator, six (6) months pay for the benefit of the employees as liquidated damages to them.

In October, 1976, defendant sold his apartment building without notifying the Union of the sale, or requiring the purchaser to accept the agreement and/or offer to retain the employees. Upon acquiring title, the new owner discharged all of defendant's Union employees.

By letter dated January 27, 1977, addressed to the arbitrator named in the Agreement, the Union demanded arbitration for violation of the above clause:

> The employer of the above building failed to give two weeks written notice of sale of the building. The Union claims six month's pay for employees as liquidated damages under Article VII of the contract, but the employer has failed to adjust this matter.

Defendant then brought an action in Supreme Court of the State of New York, arguing that there was no valid contract between the parties providing for arbitration and seeking to stay the proceedings.[1] His motion was denied and thereafter a similar motion was denied in the Appellate Division which summarily affirmed the lower court. Plaintiff wrote another letter to the Arbitrator requesting a hearing, stating: "The Employer at [defendant's] building has failed to comply with the requirements of Article 7 (Sale or Transfer) of the collective bargaining agreement," and reiterating the demand for liquidated damages set forth in the first letter. Hearings were held, following which the Arbitrator awarded liquidated damages to the Union for the benefit of the ex-employees pursuant to the above-quoted clause, in the amount of $26,-170.64, that being the total of six months wages for each of the five employees involved, which was specifically authorized by the Agreement as noted above.

■ This Court's review of an arbitrator's award is necessarily "severely limited," being confined to the grounds specified in 9 U.S.C., section 10,[2] or the product of a "manifest disregard" of applicable law,[3] a "judicially-created addition to the proscriptions of 9 U.S.C. § 10" which is also " 'severely limited.' "[4] Defendant's first challenge to the award is that the arbitrator exceeded and imperfectly executed his powers under 9 U.S.C., section 10(d). The second challenge, presumably resting upon the "manifest disregard" theory is that the award constitutes an unlawful penalty which violates the public policy of the State of New York and of the United States.

■ Defendant's first claim arises from the fact that although the Union's first letter seeking arbitration referred only to the failure to give the Union two weeks' notice of sale as required by Article VII, during the hearing and in his opinion, the Arbitrator referred generally to violations of Article VII, as had the Union's second letter. In addition to the two weeks' notice requirement, Article VII also obliged the selling employer to require the purchaser to agree in writing to adopt the Agreement and to employ the employees. It is undisputed that the defendant failed to comply with the terms of this Article.

It is difficult to discern what practical difference defendant sees in the two formulations of the issue. By the first letter, defendant was put on notice that a breach of Article VII was claimed and that the Union claimed "six month's pay for employees as liquidated damages under Article VII," and the Agreement's language supports an award on that basis alone. Moreover, in his summation before the Arbitrator, defendant's attorney stated: "The

---

1. The Agreement, as noted above, was the last in a series of such agreements. The defendant's contention in the state courts, however, was that prior to signing and returning this Agreement, he put a mark through the word "sale" in the first line of Article VII quoted above, and thus there was no valid contract between the Union and the defendant providing for arbitration under the circumstances. Even were defendant's somewhat dubious contention that this mark constituted a valid modification of the contract accepted, the remainder of the clause provided for arbitration in situations of "transfer or assignment of control"—an apt description of the situation involved herein.

2. *Office of Supplies, Gov't of Rep. of Korea v. New York Nav. Co.*, 469 F.2d 377, 379 (2d Cir. 1972); *Amicizia Societa Nav. v. Chilean Nitrate and Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir.), *cert. denied*, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960).

3. *See Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

4. *Office of Supplies, Gov't of Rep. of Korea v. New York Nav. Co.*, 469 F.2d 377, 380 (2d Cir. 1972), *quoting Saxis S.S. Co. v. Multifacs Int'l Traders, Inc.*, 375 F.2d 577, 582 (2d Cir. 1967).

question that you have to decide is what are the terms of the contract and then of the terms of the contract has the contract been violated." Having thus stated the issue in the broadest terms possible, defendant will not now be heard to complain that the Arbitrator exceeded his powers. The Arbitrator had been granted the authority under the Agreement to render this award, and that is sufficient.[5]

Defendant next claims that the award is punitive in nature and as such cannot be enforced by the arbitrator without clashing with state and federal policy to the contrary. Even assuming that the award is a penalty—no small assumption under either state or federal law[6]—where, as here, the contract expressly provides the arbitrator with power to grant the award,[7] and recognizing the substantial leeway which must be granted an arbitrator in fashioning remedies, especially in labor-related disputes,[8] the award seems wholly consistent with the prevailing law, both

5. See, e. g., Amicizia Societa Nav. v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805 (2d Cir.), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960); Oinoussian S.S. Corp. of Panama v. Sabre Shipping Corp., 224 F.Supp. 807 (S.D.N.Y.1963).

6. "[U]nder New York law a contractually agreed upon sum for liquidated damages will be sustained where (1) actual damages may be difficult to determine and (2) the sum stipulated is not 'plainly disproportionate' to the possible loss." Walter E. Heller & Co. v. American Flyers Airline Corp., 459 F.2d 896, 899 (2d Cir. 1972) and cases there cited. These criteria seem satisfied here. Moreover, given the prevailing job market, it is not unreasonable to have assumed at the time this Agreement was entered into, that six months might pass before a new job would be obtained by a discharged employee. Indeed, as the damages are based on the employees' former wages, they bear a direct relationship to actual losses the employees sustained or might have sustained. Thus there is no basis for finding that the stipulated sum is grossly disproportionate to the probable damage.

Defendant argues that because under the contract, the Arbitrator may grant other damages above the liquidated sum, this cannot be a valid award of liquidated damages. But as stated in Heller, supra, 459 F.2d at 900, this sort of clause is "boilerplate." Defendant also presses hard upon the holding in Associated Gen'l Contractors v. Savin Bros., Inc., 45 A.D.2d 136, 356 N.Y.S.2d 374 (3d Dep't 1974), aff'd, 36 N.Y.2d 957, 373 N.Y.S.2d 555, 335 N.E.2d 859 (1975), where a clause termed liquidated damages in a trade association membership agreement was deemed to be a penalty (but an arbitrator's award thereon nevertheless enforced). Despite a superficial similarity between the Savin provision and the one herein, however, the two clauses are different in a number of significant respects. The Savin provision provided for damages to the trade association when a member negotiated independently with a labor union—the amount of the damages, however, was derived from the liqui-

dated damages provision of the defaulting member's contract with the labor union and bore no relation to the damages incurred by the trade association. Moreover, the amount could only be determined after consulting a number of variables. Finally, once determined, the amount was trebled. By contrast, the clause herein is for the benefit of the union members, is easily ascertainable and there is no trebling—thus bearing a far greater resemblance to compensatory rather than punitive damages.

Under similar circumstances, even though an arbitrator had termed an award a penalty, the court, applying federal law, enforced the award where it was found to be for benefit of employees affected and hence, compensatory. See College Hall Fashions, Inc. v. Philadelphia Joint Board, Amalgamated Clothing Workers of America, 408 F.Supp. 722 (E.D.Pa.1976).

7. See, e. g., Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 386 N.Y.S.2d 831, 833, 353 N.E.2d 793 (1976); Associated Gen'l Contractors v. Savin Bros., Inc., 45 N.Y.S.2d 136, 356 N.Y.S.2d 374 (3d Dep't 1974), aff'd, 36 N.Y.2d 957, 373 N.Y.S.2d 555, 335 N.E.2d 859 (1975); cf. South East Atl. Shipping, Ltd. v. Garnac Grain Co., 356 F.2d 189 (2d Cir. 1966). See generally, Note, Punitive Damages in Arbitration: The Search for a Workable Rule, 63 Cornell L.Rev. 272 (1978).

Compare this case with College Hall Fashions, Inc. v. Philadelphia Joint Board, Amalgamated Clothing Workers of America, 408 F.Supp. 722 (E.D.Pa.1976); International Union of Operating Engineers, Local No. 450 v. Mid-Valley, Inc., 347 F.Supp. 1104, 1109 (S.D.Tex. 1972) (where there is no provision authorizing award it cannot be made if doing so constitutes a penalty).

8. See, e. g., Local 369, Bakery & Confectionary Workers Union v. Cotton Baking Co., 514 F.2d 1235 (5th Cir. 1975), cert. denied, 423 U.S. 1055, 96 S.Ct. 786, 46 L.Ed.2d 644 (1977); Mogge v. District 8, Int'l Ass'n of Machinists, 454 F.2d 510 (7th Cir. 1971).

state and federal; it certainly does not evidence manifest disregard therefor.[9]

Plaintiff's motion to confirm the award is granted; defendant's motion to vacate or modify, denied. It is so ordered.

---

**9.** "An award will not be set aside because of an error on the part of the arbitrators in their interpretation of the law." *Office of Supplies, Gov't of Rep. of Korea v. New York Nav. Co.,* 469 F.2d 377, 379 (2d Cir. 1972); *accord, South East Atl. Shipping, Ltd. v. Garnac Grain Co.,* 356 F.2d 189 (2d Cir. 1966); *Oinoussian Steamship Corp. of Panama v. Sabre Shipping Corp.,* 224 F.Supp. 807 (S.D.N.Y.1963).