**UNITED STATES DEPARTMENT OF JUSTICE and Department of Justice Bureau of Prisons (Washington, D.C.) and Federal Correctional Institution (Danbury, Connecticut), Petitioners, Cross-Respondents,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent, Cross-Petitioner.**

**Nos. 844, 922, Dockets 85–4167, 85–4179.**

United States Court of Appeals, Second Circuit.

Argued Feb. 27, 1986.

Decided May 30, 1986.

**26**

Mark B. Stern, Dept. of Justice, Washington, D.C. (Richard K. Willard, Asst. Atty. Gen., William Kanter, Dept. of Justice, Washington, D.C., of counsel), for petitioners.

Robert J. Englehart, Federal Labor Relations Authority, Washington, D.C. (Ruth E. Peters, Solicitor, Steven H. Svartz, Deputy Solicitor, William E. Persina, Associate Solicitor, Federal Labor Relations Authority, Washington, D.C., of counsel), for respondent.

Before KAUFMAN, TIMBERS and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

This is a petition of the Department of Justice, Bureau of Prisons, Washington, D.C. (the agency) to review and set aside the September 10, 1985 order of the Federal Labor Relations Authority ("FLRA" or "the Authority") and a cross-petition of the FLRA for enforcement of its order. The order followed an FLRA determination that the agency's refusal to comply with a final and binding arbitration award violated the Federal Service Labor-Management Relations Statute, Title VII of the Civil Service Reform Act of 1978, 92 Stat. 1111 (1978) (codified as amended at 5 U.S.C. §§ 7101–7135 (1982 & Supp. II 1984) (the Statute), and thus constituted an unfair labor practice under relevant provisions of the Statute, 5 U.S.C. § 7116(a)(1) and (8). The FLRA ordered compliance with the award.

## BACKGROUND

The case grew out of a dispute over whether the lunch periods of certain Physician Assistants (PAs) at the Federal Correctional Institution, Danbury, Connecticut (FCI) were "duty free" and were thus properly uncompensated or whether overtime pay was earned pursuant to the terms of the collective bargaining agreement. The American Federation of Government Employees, Council of Prison Locals, AFL–CIO, Local 1661 (the union), which represented the PAs, filed a grievance to secure fifteen minutes of overtime pay only to be met with a scheduling change affecting lunch hours which would end the need for overtime pay. The union then filed a second grievance alleging that the new lunch hours were not "duty free" because of an "on call" requirement and took both grievances to arbitration. The arbitrator found that the lunch hour was not "duty free," prescribed the resumption of straight eight hour shifts for the morning and evening shifts and stated that properly submitted requests for overtime compensation should be honored.

The Bureau of Prisons filed exceptions to the award with the Authority. 5 U.S.C.

§ 7122(a). It argued that the arbitrator had misconstrued the parties' agreement and that her interpretation of the agreement was contrary to the parties' intent and to federal pay statutes, in particular, the Federal Employees Pay Act of 1945, 5 U.S.C. § 5542(a) (1982) (provision for overtime pay).

The Authority denied the exceptions to the award. Then, at the direction of the Bureau of Prisons in Washington, D.C., the FCI determined that as a condition precedent to reimbursement for back pay, the PAs had to certify that they had been "required to ... provide assistance during the lunch period," J.App. at 4, not just that they were "on call." The union and the Authority then filed an unfair labor practice complaint against the United States Department of Justice claiming violations of 5 U.S.C. § 7116(a)(1), (5) and (8). They alleged that the agency failed to comply with the terms of the arbitration award by requiring certification and that the agency had refused to bargain in good faith with the union. They further alleged that the agency had failed to comply with the provisions of section 7122(b) of the Statute in that (1) FCI had failed to comply with a final and binding arbitration award, and (2) the Department of Justice and the Bureau of Prisons had directed FCI to engage in noncompliance.

The case was submitted to the Authority on a stipulated record. The Authority held first that the arbitrator's award was final and binding within the meaning of section 7122(b) and that the Bureau of Prison's certification requirement violated the meaning and intent of the award. The Authority dismissed the complaint as to the Department of Justice because it found no direct liability on its part. It dismissed the complaint as to FCI on the basis that it was merely an agent for the Bureau of Prisons. It concluded that the Bureau of Prisons alone had interfered with FCI's ability to comply with the award in violation of 5 U.S.C. § 7116(a)(1) and (8) and ordered the Bureau of Prisons to cease and desist from ordering FCI to refuse implementation of the award and to comply with the arbitral award. The agency asks us to review and set aside the order. The FLRA cross-petitions for enforcement.

## DISCUSSION

The jurisdiction of courts of appeals is limited by statute. Our jurisdiction to review a decision of the FLRA when it has ruled on exceptions to the award of an arbitrator is spelled out in 5 U.S.C. § 7123. We are aware that judicial review of agency actions should be restricted only where there is a clear and convincing showing that Congress intended to prohibit judicial oversight. *See, e.g., Dunlop v. Bachowski*, 421 U.S. 560, 567, 95 S.Ct. 1851, 1857–58, 44 L.Ed.2d 377 (1975). Nevertheless, we conclude that relevant provisions of the Statute preclude our review here. Therefore, we deny the petition for review and grant the cross-petition for enforcement.

Although section 7123 gives us jurisdiction to review final orders of the FLRA, this section exempts two kinds of orders from appellate review: orders involving arbitral awards and orders on appropriate bargaining unit determinations. More specifically, however, section 7123(a)(1) states that an order under section 7122 (an award by an arbitrator) may not be reviewed in the court of appeals *"unless* the order involves an unfair labor practice under section 7118 ...." (emphasis added).

The agency argues that section 7123(a) of the Statute permits indirect judicial review of an arbitral award where, as here, a final order involves an arbitral award *and* an unfair labor practice.

Section 7123 must be read in conjunction with section 7122(a) and (b), section 7118 and section 7116. Under section 7122(a) either party to an arbitration may file with the Authority an exception to an arbitrator's award, as the Bureau of Prisons did in this case. Section 7122(a) allows that:

If upon review the Authority finds that the award is deficient—

    (1) because it is contrary to any law, rule, or regulation; or

(2) on other grounds similar to those applied by Federal courts in private sector labor-management relations;

the Authority may take such action and make such recommendations concerning the award as it considers necessary, consistent with applicable laws, rules, or regulations.

5 U.S.C. § 7122(a).

Under subsection (b) of section 7122, "If no exception to an arbitrator's award is filed ... the award shall be final and binding." 5 U.S.C. § 7122(b) (Supp. II 1984). Subsection (b) also requires that "[a]n agency shall take the actions required by an arbitrator's final award." *Id.* Thus, Congress specifically provided that exceptions to arbitration awards are to be taken only to the Authority and that in the absence of such exceptions, the award shall be final and binding.

Other portions of the Statute relate to and complicate the resolution of this case. Subsections (a)(1) and (a)(2) of section 7118 set out the procedure to be followed by the FLRA in charging an agency with an unfair labor practice. Subsection (a)(7) of section 7118 outlines the Authority's enforcement power. Section 7116 lists what may constitute unfair labor practices by an agency under the Statute.

The interface of these sections of the Statute might seem to allow for indirect review of an arbitral award, as suggested by petitioners. *See Council of Prison Locals v. Brewer,* 735 F.2d 1497, 1500 (D.C. Cir.1984) (Federal Services Impasses Panel decisions subject to indirect review). This is so because once the Authority issues an order in an unfair labor practice proceeding, *see* 5 U.S.C. § 7118(a)(7), either party to a proceeding may seek review under section 7123(a).

■ Our examination of the Statute's language and of certain indicia of congressional intent set forth below, convince us that Congress meant to foreclose direct and indirect judicial review of Authority orders granting or denying exceptions to an arbitral award even when an unfair labor practice claim is later appended thereto.

There are two troubling voids in the statutory scheme: (1) section 7123(a)(1) does not spell out when the unfair labor practice must occur in order to fit within the section 7123(a)(1) exception (allowing judicial review of arbitral awards in unfair labor practice cases); (2) section 7122(b), while providing that failure to take an exception to an arbitral award within a thirty day period makes the award final and binding, is silent on the effect of a denial of an exception to an award.

■ We conclude that the denial of the exceptions in this case made the award final and binding. We also conclude that in order for the arbitral award to fit within the section 7123(a)(1) exception and be subject to judicial review, the unfair labor practice must be part of the underlying controversy subject to arbitration, not some "after the fact" outgrowth of the refusal to abide by the arbitrator's award.

These conclusions are in accord with decisions of other circuits having occasion to review final orders of the Authority involving arbitral awards and unfair labor practices. *United States Marshals Service v. Federal Labor Relations Authority,* 708 F.2d 1417, 1420 (9th Cir.1983); *American Federation of Government Employees, Local 1923 v. Federal Labor Relations Authority,* 675 F.2d 612, 613–14 (4th Cir. 1982). They are also supported by congressional intent as evidenced by the legislative history.

It is clear that Congress intended to limit severely judicial review of arbitral decisions under the Statute. For example, section 7123(a)(1) states that the Authority's review is to be analogous to that of a federal court reviewing an arbitral award in the private sector. This Court has a history of strictly limiting judicial review of private sector arbitral awards. *See, e.g., Diapulse Corp. of America v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir.1980); *I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424, 429–32 (2d Cir.1974); *South East Atlantic Shipping Ltd. v. Garnac Grain Co.,* 356 F.2d 189, 191–92 (2d Cir.1966). The conference report on the Statute noted

that it was the "intent of the House ... to make it clear that the awards of arbitrators, when they become final, are not subject to further review by any other authority or administrative body...." H.R. Rep. No. 1717, 95th Cong., 2nd Sess. 158 (1978), *reprinted in* 1978 U.S. Code Cong. & Ad. News, 2723, 2860, 2892 (Conference Report). The House Report noted as well that "[o]nly those labor management relations matters specifically referred to in section 7123 shall be judicially reviewable." H.R. Rep. No. 1403, 95th Cong., 2nd Sess. 58 (1978) (House Report). It would make little sense for us to conclude that we should, in effect, "re-review" the Authority's decision here. As stated in the Conference Report: "In light of the limited nature of the Authority's review, ... it would be inappropriate for there to be subsequent review by the court of appeals...." Conference Report at 153, *reprinted in* 1978 U.S. Code Cong. & Ad. News at 2887. Thus, the language of the Conference Report, the House Report and the language of the Statute all suggest that the congressional intent was to preclude the scheme advocated by petitioner. Under that scheme, a party would file with the Authority an exception to the award and after the exception was denied would refuse to comply with the Authority's order. The party would thus become subject to an unfair labor practice charge that would open the door to judicial review of the merits of the underlying matter decided by the arbitrator. Thus, according to the agency, Congress intended section 7123(a) to allow us to do indirectly what it prevented us from doing directly under section 7123(a). We will not attribute such convoluted reasoning to the members of our national legislature.

Indirect review of an arbitral award also runs counter to public policy. The purpose of arbitration is to permit a relatively quick and inexpensive resolution of contract disputes by avoiding extended court proceedings. *See Wilko v. Swan,* 346 U.S. 427, 431–32, 74 S.Ct. 182, 184–85, 98 L.Ed. 168 (1953); *Office of Supply v. New York Navigation Co.,* 469 F.2d 377, 379 (2d Cir.1972). The policy in favor of quick and definite resolution is strong whether in the private sector, *see United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960), or the public sector, *see United States Marshals Service,* 708 F.2d at 1420. Indirect review would result in excessive delay and more expense, results clearly contrary to the general policy underlying arbitration awards.

We conclude that Congress intended to prohibit judicial oversight in these circumstances. Therefore, we reject petitioner's contention that indirect review of the arbitral award by this Court can be achieved by refusing to comply with the Authority's order upon section 7122 review.

The decision whether to review the unfair labor practice order of the FLRA is controlled by our holding that we have no jurisdiction to review the arbitrator's award. That holding having been made, we deny the petition for review. There was substantial evidence to support the FLRA's finding that the agency had refused to comply with a final and binding arbitral award and consequently we grant the cross-petition for enforcement. *See* 5 U.S.C. §§ 7116(a)(8), 7123(c).