■ In the Matter of the Arbitration between PETER VERHEYLEWEGHEN, Appellant, and PHILIP EDWARDS, Respondent.— Order entered on February 29, 1968, to the extent appealed from, i.e., to the extent that it denied confirmation of items numbered 1 and 6 of the award of arbitrators dated November 28, 1967, unanimously reversed, on the law and the facts, and said items reinstated and confirmed, with $50 costs and disbursements to appellant. The arbitration clause extends to any dispute under the agreement, and we are unable to find in the record and particularly in respondent's affidavit a sufficiently probative substantiation of his claim that the arbitrators exceeded their powers. Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ.

■ MARY S. STUBER, Respondent, v. W. JAMES STUBER, Appellant.— Order, entered April 1, 1968, unanimously reversed, on the law, without costs or disbursements, defendant's motion for summary judgment granted and complaint dismissed, without prejudice, however, to the bringing of such action or proceeding as may be available to plaintiff in the circumstances. The plaintiff does not have a cause of action, as alleged, to avoid and set aside the separation agreement entered into between herself and the defendant. The decree of divorce rendered in the State of Nevada expressly ratifies and approves such separation agreement and orders and directs the parties to abide by and execute the terms thereof. Inasmuch as the divorce decree is unchallenged, its provisions preclude the avoiding by plaintiff of such agreement on the basis of the allegations of fraud, misrepresentation and breaches thereof as set forth in the complaint. (See *Fink* v. *Goldblatt*, 18 A D 2d 629, affd. 13 N Y 2d 957.) Although the separation agreement as such is immune from attack on the basis of the complaint in this action, the plaintiff may be possessed of remedies if the children of the marriage are not being adequately and properly supported by the defendant. (See Family Ct. Act, § 466, subd. [c]; *McMains* v. *McMains,* 15 N Y 2d 283, 284, 285.) Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.