Egbert E. Dempsey, J.
By motion, petitioner seeks to confirm what he urges is an award to him made in the arbitration hearing. He states that by virtue of the award he is entitled to a sabbatical leave or alternatively the sum of $8,000 representing one half of his annual salary. Petitioner is employed by respondent as a science teacher. He submitted a request for such leave pursuant to his contract. The request was denied. Ultimately the parties agreed to submit the dispute to arbitration and respondent in a letter of September 16, 1969 manifested its consent thereto by the following language: ‘ ‘ Our contract with the teachers calls for the submission of all disputes to advisory arbitration ” and names the American Arbitration Association as administrator. The contract between the school and the North Salem Teachers Association specifically provides that: “ The decision of the Arbitrator shall be advisory on the parties”. (Art. IX, subd. 04, par. [a].) In article XII of the same contract, “Powers of Board”, the board’s powers were not to be abridged, etc., by the arbitration procedure.
Although petitioner’s attorney declaims in his affidavit that the argument of respondent “ flouts the principles of arbitration which the Courts have favoured ”, the assertion overlooks the equally fundamental principle that arbitration cannot be *473 judicially mandated unless by clear and unequivocal language the parties involved have agreed thereto. (Matter of Lehman v. Ostrovsky, 264 N. Y. 130.) “No one is under a duty to arbitrate unless by clear language he has agreed to do so ’ ’ (Matter of Eagar Constr. Corp. [Ward Foundation Corp.], 255 App. Div. 291, .293). The school board did arbitrate in fulfilment of the contract provision but by that same provision, the arbitration was advisory only. What petitioner seeks is not possible to grant in the light of the precise language used in the contract. He would have the court write into the contract a clause that the findings of the arbitrator are binding on the parties when, in fact, the express provision of the contract is that the decision is advisory only. This the court may not do. (Matter of Milton L. Ehrlich, Inc. [Unit Frame & Floor Corp.], 5 A D 2d 272, 275; Matter of Brookfield Clothes [Rosewood Fabrics], 4 A D 2d 458, 461.) The court determines that no enforceable right was given petitioner from the findings of the arbitrator. The motion is in all respects denied and the proceeding for confirmation is dismissed. No other questions are passed upon.