■ MARTHA AVERY, Appellant, v RICHARD AVERY, Respondent. — In an action, *inter alia,* to recover for arrears due under a separation agreement incorporated, but not merged, into a Mexican decree of divorce, and for an increase in the amount of child support payable thereunder, plaintiff wife appeals from (1) an order of the Supreme Court, Suffolk County, dated February 28, 1977 which denied her application, and (2) a further order of the same court, dated April 14, 1977, which denied her motion for reargument. Appeal from the order dated April 14, 1977, dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated February 28, 1977 modified by (1) deleting therefrom the words "this motion is denied" and (2) adding a provision thereto granting dismissal of plaintiff's third cause of action (i.e., for rescission). As so modified, order affirmed, without costs or disbursements, and a stay of the plaintiff's first and second causes of action (for arrears and an increase in the amount of child support) is granted on condition defendant moves within 30 days of service upon him of a copy of the order to be made hereon, with notice of entry, to compel arbitration as to said causes of action. The parties were married in New York in 1949 and have four children, only one of whom is still a minor. On October 12, 1966, the plaintiff and defendant entered into a separation agreement which gave custody of the infant children to the plaintiff, and provided, *inter alia,* that the defendant pay the sum of $125 per month per child as child support and $200 per month as alimony. The agreement also provided for resort to arbitration if (1) changes in the financial circumstances of either party warranted a modification and the parties are unable to agree "upon a realistic and amicable future arrangement between themselves", (2) the parties were unable to agree upon a suitable increase in the amount of child support "in the event the cost of living index shall become so augmented that the present support as allocated for the children * * * [shall] prove to be insufficient * * * and the husband shall

become more gainfully employed than at present", or (3) "in the event the parties are unable to agree regarding any dispute or misunderstanding arising out of, or in connection with this agreement". Pursuant to the separation agreement, the contemplated arbitration was to be held before "some qualified person" who was acceptable to both of the parties, but failing agreement upon such a person, each party was to appoint a single arbitrator and the two arbitrators were then to choose a third. In addition, the agreement provided that the decision of the arbitrator, or of the majority of the arbitrators as the case may be, was to be rendered "in such form that judgment may be entered thereon in the highest Court of the forum having jurisdiction thereof". The parties were divorced in Mexico on October 22, 1966, and the separation agreement was incorporated but not merged into the judgment of divorce. In 1977 plaintiff commenced the instant action seeking (1) a judgment for arrears in the amount of $25,000, (2) an upward modification in the amount of child support, (3) rescission of the alimony provisions of the separation agreement and an increase in the amount of alimony essentially on the ground of fraud, and (4) an order pursuant to section 49-b of the Personal Property Law (i.e., a wage deduction order) "[for] such amounts as the Court may find necessary to comply with the relief sought herein". Having proceeded by service of an order to show cause (directing the manner of service [CPLR 308, subd 5]), along with a summons and complaint, the plaintiff also purported to "move" for certain relief, but excluding her request for increased alimony, child support and counsel fees, *pendente lite,* her moving papers included the same claims as were set forth in her verified complaint. In response, the defendant's attorney submitted an affirmation in opposition to the plaintiff's "application", and pointed out that the plaintiff's papers did not make clear whether she was commencing a plenary action or "moving" for the requested relief. In addition, counsel averred, *inter alia,* that there was no jurisdiction over the person of the defendant; that "plaintiff's recourse [under the separation agreement] is by arbitration"; and that the Family Court had exclusive jurisdiction of the matter, inasmuch as the plaintiff had already commenced a proceeding in the Family Court, Suffolk County, for enforcement of the agreement. Special Term, treating the matter as a motion, ordered that it be denied on the ground that "plaintiff's recourse must be by arbitration in accordance with * * * the separation agreement". Plaintiff appeals. Since the papers before Special Term included a copy of a summons and verified complaint in addition to the order to show cause, we believe that the plaintiff should be deemed to have commenced an action rather than merely "moving" for the requested relief. Accordingly, we construe the defendant's affidavit in opposition to be a motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 5, 8), and the order denying the plaintiff's motion as one dismissing the complaint on the first ground stated, i.e., "arbitration". (See CPLR 103, subd [c].) We shall first consider defendant's contention that there is no basis for jurisdiction over him because he is a resident of England and, further, that even if there were a basis for jurisdiction, there is no authority for service upon a nonresident in the manner authorized by the order to show cause. The *basis* for jurisdiction is supplied by CPLR 302 (subd [b]) which provides, *inter alia:* "A court in any matrimonial action * * * may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state * * * if the party seeking support is a resident or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation * * * or the

obligation to pay support, alimony, maintenance, distributive awards or special relief in matrimonial actions accrued under the laws of this state or under an agreement executed in this state." As that statute requires, plaintiff resides in New York, which was the "matrimonial domicile of the parties before their separation". In addition, the obligation to pay support "accrued under * * * an agreement executed in this state". As to the *notice* aspect of jurisdiction, "expedient service" under CPLR 308 (subd 5) is equally available to effect service "outside the state" if one is proceeding by way of CPLR 313 *(Dobkin v Chapman,* 21 NY2d 490; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 313:2, pp 295-296). We turn now to the question of whether the issues raised in the complaint are referrable to arbitration. If an agreement to arbitrate "expressly and unequivocally encompasses the subject matter of the particular dispute", then a party may be compelled to proceed to arbitration and forego the right to seek judicial relief *(Bowmer v Bowmer,* 50 NY2d 288, 293-294). Turning to the agreement at hand, it is clear from its language that the parties expressly and unequivocally agreed to arbitrate the matter of the modification of the *amount* of child support payable by the defendant, and there is little reason to doubt that the question of *arrears* is also encompassed within their broad agreement to arbitrate "any dispute or misunderstanding *arising out of,* or *in connection with* this agreement." (Emphasis added.) The same cannot be said of the plaintiff's request for a wage deduction order, however, except insofar as the factual predicate for such an order may depend upon the resolution of factual issues properly committed to the arbitrator, e.g., whether the defendant is in default under the separation agreement and the extent of his noncompliance (cf. *Bowmer v Bowmer, supra).* In fact, should such matters become material, the defendant may be advised to move for a stay. This interpretation of the agreement does not mean, however, that the first and second causes of action (for arrears and an increase in child support) should be dismissed, for, as the plaintiff correctly points out, the existence of an arbitration clause in the agreement is neither a defense to her action nor a ground for dismissal. Accordingly, since the defendant has not yet moved to compel arbitration, this court will simply direct that the first and second causes of action be conditionally stayed (see *Allied Bldg. Inspectors Int. Union of Operating Engrs. v Office of Labor Relations of City of N.Y.,* 45 NY2d 735, 738). Plaintiff's further contention that, because she seeks rescission of the alimony provisions of the agreement, the court should retain jurisdiction of the matter, cannot be sustained, however, as her purported challenge to the validity of the separation agreement on the basis of fraud and overreaching does not make out a tenable claim. The separation agreement, which has been incorporated into a valid, bilateral foreign divorce decree, may not be collaterally attacked in the absence of a violation of "some compelling public policy" (see *Greschler v Greschler,* 51 NY2d 368; *Resslhuber v Resslhuber,* 57 AD2d 552; *Stuber v Stuber,* 30 AD2d 655; *Fink v Goldblatt,* 18 AD2d 629, affd 13 NY2d 957; *Feinberg v Feinberg,* 96 Misc 2d 443, affd 70 AD2d 612). Therefore, the plaintiff's third cause of action for rescission must be dismissed. Finally, we reject plaintiff's contention that defendant's conduct is inconsistent with an intention to arbitrate. Nothing that the defendant has done shows an unequivocal election on his part to have their grievances settled in the courts rather than through arbitration. Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur.