■ In the Matter of the Arbitration between COUNTY OF BROOME et al., Appellants, and RICHARD FITZPATRICK, as President of the Deputy Sheriff Benevolent Association of Broome County, Local 2012, Council 82, American Federation of State, County and Municipal Employees, AFL-CIO, Respondent. — Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Fischer, J.), entered August 21, 1984 in Broome County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties and granted respondent's cross petition to compel arbitration.

Petitioners and respondent were parties to a collective bargaining agreement governing the terms and conditions of employment of most employees of the Broome County Sheriff's Department. Article 7 of the agreement establishes procedures to be followed in resolving grievances or disputes "over the meaning, application, or interpretation of the express terms of this agreement or any existing law, excluding * * * matters pertaining to * * * transfer or assignment of employees". The article also declares that the grievance and arbitration procedure outlined therein "shall be the only manner by which such grievances or disputes may be settled". Article 10 involves work force changes and provides, in relevant part, "If more than one (1) employee applies for the position [i.e., job opening or vacancy], and if the ability to do the job is equal among them, the employees with the greatest seniority * * * shall be selected."

On February 15, 1984, while the agreement was in effect, the Broome County Sheriff posted a notice of a job opening in the detective division. Following the Sheriff's selection of a candidate to fill the position, four Deputy Sheriffs separately complained that article 10 of the labor agreement entitled them to the opening, rather than the appointee. These Deputy Sheriffs, after exhausting the grievance procedures prescribed by article 7, demanded arbitration. Petitioners then petitioned for a stay of arbitration, claiming that arbitration was unavailable since the alleged grievances involved a transfer or assignment of employees; respondent, in turn, cross-petitioned to compel arbitration. Respondent's cross petition was granted and this appeal by petitioners followed. We affirm.

As Special Term aptly observed, the parties' agreement to arbitrate is clear and unequivocal. That there is some uncertainty as to whether the grievances are encompassed within article 3, which reserves certain management rights to petitioners, article 7, which excludes matters pertaining to the transfer or assignment of employees, or article 10, which defines the procedure for filling a job opening or vacancy, is not dispositive of whether arbitration is available here for the scope of coverage afforded by particular substantive provisions of the contract is a matter of contract interpretation and application, a matter that is for the arbitrator to resolve (*Board of Educ. v Barni,* 49 NY2d 311, 314-415).

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.