■ In the Matter of BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SECOND SUPERVISORY DISTRICT, SUFFOLK COUNTY, Appellant, v BOCES II TEACHERS' ASSOCIATION, Respondent. — In a proceeding pursuant to CPLR article 75 to stay arbitration, petitioner Board of Cooperative Educational Services (BOCES) appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated November 22, 1983, which dismissed the proceeding and directed the parties to proceed to arbitration.

Judgment affirmed, without costs or disbursements.

The parties' collective bargaining agreement included the following clause: "No material derogatory to a teacher's character or personality will be placed in their [*sic*] confidential personal file. This section shall not be interpreted to preclude the filing of evaluation forms".

After BOCES refused to remove certain memoranda claimed to be derogatory from the "confidential personal file[s]" of a teacher and a guidance counselor, respondent BOCES II Teachers' Association filed a grievance on behalf of the teacher and the guidance counselor, and subsequently demanded arbitration (the fourth stage of the grievance procedure).

BOCES opposed arbitration on the ground that the subject memoranda on their face were performance evaluations. In addition, it was argued that if the provision in question precluded the placement of such memoranda in a "confidential personal file" without consideration of the fairness or accuracy of the information therein, then it would be violative of public policy since it would interfere with BOCES' ability to properly evaluate a teacher's performance as required by law (*see, Holt v Board of Educ.,* 52 NY2d 625; *Board of Educ. v Areman,* 41 NY2d 527).

While it appears that the arguments raised by BOCES may have merit, nevertheless, Special Term properly determined that the grievance was subject to arbitration pursuant to the parties' collective bargaining agreement (*cf. Board of Educ. v Cracovia,* 36 AD2d 851). The contention that "the arbitrator might make an award that could be said to be in violation of public policy do[es] not justify judicial intervention in the arbitration process at this stage" (*Matter of Board of Educ. [Connetquot Teachers Assn.],* 60 NY2d 840, 842). In any event, although neither party raised the issue in its brief, we note that the subject collective bargaining agreement provides only for advisory arbitration; thus BOCES is not required to abide by the advisory arbitration decision (*Schwartz v North Salem Bd. of Educ.,* 65 Misc 2d 472).

Accordingly, we find no basis to stay the arbitration. Mollen, P. J., Titone, Thompson and Lawrence, JJ., concur.