■ In the Matter of the Arbitration between COUNTY OF BROOME, Appellant, and CHARLES CROLL, as President of the Faculty Association of Broome Community College, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered May 31, 1985 in Broome County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In May 1984, the trustees of Broome Community College denied a promotion to an instructor who lacked a Master's degree in his field. On his behalf, the Faculty Association of Broome Community College (Association) complained that the college's requirement of a Master's degree as an indispensable condition of promotion was inconsistent with past practice and an inequitable change in the criteria used to evaluate candidates for advancement. A collective bargaining agreement entered into between the Association and petitioner governed the dispute. Pursuant to the general grievance provisions thereof, the Association sought arbitration.

Petitioner then applied for a stay claiming that the grievance fell within the bargaining agreement's exclusion from arbitration of "decisions relating to promotions". The Association responded with, *inter alia,* an affidavit by a member of its team which negotiated that agreement; he attested that although the contracting parties realized that the ultimate

decision on promotions was not arbitrable, the fairness of the standards and procedures making up the promotional process was a proper subject for arbitration. Noting that the definition in the bargaining agreement of included grievances was broad and covered "any alleged problem with contract interpretation", Special Term declined to stay the arbitration. This appeal ensued.

We affirm. This court recently addressed essentially the same issue in *Matter of County of Broome (Fitzpatrick)* (111 AD2d 467, *lv denied* 65 NY2d 608). There, the controversy concerned whether a grievance fell within a broad arbitration provision or a narrow exclusionary provision of a collective bargaining agreement. In upholding the denial of a stay of arbitration, we concluded that "the parties' agreement to arbitrate is clear and unequivocal [and] the scope of coverage afforded by particular substantive provisions of the contract is a matter of contract interpretation and application, a matter that is for the arbitrator to resolve *(Board of Educ. v Barni,* 49 NY2d 311, 314-415 *[sic])" (Matter of Broome [Fitzpatrick], supra,* p 468). The proceeding at hand likewise depends purely on the interpretation of a collective bargaining agreement evincing a clear engagement to arbitrate. Special Term quite rightly deferred that issue to the arbitrator by denying petitioner's request for a stay.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.