■ In the Matter of the Arbitration between COUNTY OF BROOME et al., Respondents, and ROBERT J. TRUESDELL, as President of the Deputy Sheriffs Benevolent Association of Broome County, Local 2012, Council 82, American Federation of State, County and Municipal Employees, AFL-CIO, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered August 27, 1985 in Broome County, which, *inter alia,* granted petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioners, the County of Broome and the Broome County Sheriff, and the Deputy Sheriffs of Broome County, through their labor union (hereinafter respondent), are parties to a collective bargaining agreement. Article 7 of that agreement contains a grievance procedure, the final step of which is

arbitration. Expressly excluded from the grievance process are disputes relating to the transfer and assignment of employees. A timely grievance filed by respondent charges that the procedure followed by the Sheriff in assigning a Deputy Sheriff to the identification unit of the Sheriff's Department contravened the requirements of article 10 of the contract, which deals with work force changes. When the grievance—it was alleged that the Sheriff failed to post notice of the opening in conformity with article 10—was denied, respondent demanded arbitration. Petitioners then sought and obtained the stay which is at issue on this appeal.

Relying primarily on *Matter of County of Broome (Fitzpatrick)* (111 AD2d 467, *lv denied* 65 NY2d 608), respondent maintains that Special Term exceeded its authority when it stayed the arbitration. There, however, the controversy centered on whether article 3 or article 10 of the collective bargaining agreement *sub judice* controlled the grievance. We held that the dispute therein was a matter of substantive contract interpretation and application and, hence, distinctly within the arbitrator's province. Here, on the other hand, the parties each agree that the subject of the grievance is a claimed violation of the same provision, article 10. Their disagreement is over whether the dispute is arbitrable; resolution of this question is a threshold judicial function *(see, Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.],* 46 NY2d 521, 525). "In making such determinations the courts are to be guided by the principle that the agreement to arbitrate must be express, direct and unequivocal as to the issues or disputes to be submitted to arbitration; anything less will lead to a denial of arbitration" *(Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 511). As noted above, the agreement specifically *excludes* from arbitration grievances respecting the assignment or transfer of employees. Since that is the full extent of respondent's claim, Special Term quite properly stayed the arbitration.

Respondent's further contention, that because under the bargaining agreement its demand for arbitration triggered the selection of an arbitrator from a list of arbitrators previously approved by the parties and that therefore a stay is unauthorized, has no basis in law. To effect a waiver of the right to seek a stay, active participation in the arbitration must be, but has not been, demonstrated.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.