Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ HENRY T. LACHAJCZYK, Appellant, v SCOTT SCHRIBER, Doing Business as CHAUTAUQUA COUNTY CONTRACTING, Respondent and Third-Party Plaintiff. YORKTOWN INDUSTRIES, INC./MATCO TOOLS, Third-Party Defendant-Respondent.—Order unanimously affirmed without costs. Memorandum: As a general rule, leave to amend pleadings should be freely granted; in this case, however, the proposed amendment is devoid of merit, and the court did not abuse its discretion by considering the merits (see, Andersen v University of Rochester, 91 AD2d 851, appeal dismissed 59 NY2d 968).

Plaintiff sought to amend his complaint to allege a violation of Labor Law § 240. Liability for a violation of this section cannot be imposed, however, where the contractor has no authority to supervise or control the plaintiff's activities (Russin v Picciano & Son, 54 NY2d 311; Reeves v Red Wing Co., 139 AD2d 935). The proposed amendment contains no allegation that defendant had authority to supervise or control plaintiff or his activities, and uncontroverted evidentiary materials submitted on the motion demonstrate that such authority did not exist. Plaintiff's claim that defendant exercised control by furnishing the ladder from which he fell is without merit (see, Magrath v Migliore Constr. Co., 139 AD2d 893). (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—amend complaint.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: The verdict is supported by legally sufficient evidence and is not against the weight of the evidence (see, CPL 470.15 [5]; People v Hughes, 138 AD2d 523). Further, the trial court correctly denied defendant's motion to dismiss the indictment for lack of a speedy trial (see, CPL 30.30 [4] [b]; People v Fryer, 136 AD2d 936, lv denied 72 NY2d 859).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Monroe County Court, Egan, J.—robbery, third degree, and other charges.) Present—Dillon, P. J., Boomer, Green, Lawton and Davis, JJ.

■ COUNTY OF MONROE et al., Appellants, v MONROE COUNTY DEPUTY SHERIFF'S ASSOCIATION, Respondent.—Order

reversed on the law without costs and motion to stay arbitration granted. Memorandum: Supreme Court erred in denying petitioner's application for a stay of arbitration of a grievance filed by the Monroe County Deputy Sheriff's Association. Article 36 of the parties' collective bargaining agreement contains a grievance procedure, the final step of which provides for arbitration of "any claimed violation of a specific provision of this agreement, or any matter which relates to employee health and safety" (§ 36.2). The contract, however, expressly excludes performance evaluations from this grievance and arbitration procedure.

In its demand for arbitration, respondent sought to have deleted from its member's personnel file certain derogatory remarks, to wit, an unsatisfactory score on his performance evaluation based on his use of sick leave credits. Petitioner contends that since this grievance affects a performance evaluation, the contract excludes it from arbitration. Respondent admits that performance evaluations are not subject to arbitration, but contends that, once placed in the personnel file, any derogatory material in the evaluation becomes subject to arbitration.

The issue whether the dispute is subject to arbitration is for the courts rather than the arbitrator to determine *(see, Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.],* 46 NY2d 521, 525, *rearg denied* 47 NY2d 952). Since the agreement does not clearly and unequivocally state that the parties have agreed to refer this grievance to arbitration, a stay of arbitration must be granted *(see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 515; *Matter of County of Broome [Truesdell],* 122 AD2d 314, 315).

All concur, except Dillon, P. J., and Green, J., who dissent and vote to affirm, in the following memorandum.

Dillon, P. J., and Green, J. (dissenting). We dissent. Supreme Court properly denied petitioner a stay of arbitration and properly granted respondent's cross motion compelling arbitration. The collective bargaining agreement (§ 36.1) clearly gave members of respondent the right to use the grievance procedure. Section 34.1 states "[n]o material related to an employee's conduct, performance, character or personality which is derogatory in nature shall be placed in an employee's personnel file without notification to the employee." If such material is placed in a personnel file, employees may seek to remove such material by filing a grievance under article 36 of the agreement.

Respondent agrees that it cannot challenge a performance evaluation. Respondent is seeking only to remove derogatory materials from a member's personnel file, namely, an unsatisfactory score on his performance evaluation for using sick leave credits which he claims he had a right to use under the collective bargaining agreement. Respondent is not seeking to affect the member's performance evaluation. Supreme Court properly determined that the grievance was subject to arbitration pursuant to the parties' collective bargaining agreement *(see, Matter of Board of Coop. Educ. Servs. v BOCES II Teachers' Assn.,* 111 AD2d 168). The parties should be compelled to proceed to arbitration because the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the dispute *(see, Avery v Avery,* 81 AD2d 849). Arbitration is favored by public policy in the resolution of private disputes as well as those in the field of collective bargaining *(see, Matter of Maye [Bluestein],* 40 NY2d 113). (Appeal from order of Supreme Court, Monroe County, Boehm, J.—arbitration.) Present—Dillon, P. J., Boomer, Green, Lawton and Davis, JJ.