■ In the Matter of COUNTY OF ROCKLAND et al., Respondents, v ROCKLAND COUNTY SHERIFF'S DEPUTIES ASSOCIATION et al., Appellants. [621 NYS2d 677] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Rockland County (Stolarik, J.), dated June 22, 1993, which granted the application.

Ordered that the judgment is affirmed, with costs.

The appellant George Grossman was dismissed from his position as a court officer following a hearing pursuant to Civil Service Law § 75. The appellant Rockland County Sheriff's Deputies Association (hereinafter the union) filed a grievance on Grossman's behalf pursuant to the collective bargain-

ing agreement between the union and the County of Rockland. The union claimed that certain evidence was admitted at the hearing in violation of article XIX of the collective bargaining agreement, which governs personnel files. The Supreme Court properly granted the petitioners' application to stay arbitration of the grievance.

The collective bargaining agreement provides that the grievance procedure applies to "any alleged violation of this Agreement." The collective bargaining agreement, however, excludes from the grievance procedure "matters which are reviewable under administrative procedure established by law or pursuant to rules having the force and effect of law," including, *inter alia,* dismissals. The subject matter of this dispute, therefore, falls within the excluded category since it arose during a Civil Service Law § 75 proceeding and the determination to dismiss Grossman is reviewable in a CPLR article 78 proceeding.

When, as here, the subject matter of the dispute does not fall "clearly and unequivocally within the class of claims agreed to be referred to arbitration," a stay of arbitration must be granted *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 515; *see also, Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.],* 46 NY2d 521; *County of Monroe v Monroe County Deputy Sheriff's Assn.,* 155 AD2d 874).

We have reviewed the appellants' remaining contention and find it to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.