In the Matter of the Arbitration between City of Auburn, Respondent, and Law Enforcement Officers Union, Council 82, American Federation of State and County and Municipal Employees, AFL-CIO, et al., Appellants. [759 NYS2d 725] —Appeal from an order of Supreme Court, Cayuga County

(Corning, J.), entered December 14, 2001, which granted the petition for a stay of arbitration and denied the cross petition to compel arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is denied and the cross petition is granted.

Memorandum: Supreme Court erred in granting the petition for a stay of arbitration of respondents' grievance (*see* CPLR 7503 [b]) and denying the cross petition to compel arbitration (*see* 7503 [a]). The parties' collective bargaining agreement broadly defines an arbitrable grievance as, inter alia, "a dispute or controversy between an individual employee covered by this Agreement and the Employer, or between the parties, arising out of the application or interpretation of this Agreement." Respondents allege that petitioner violated that part of the agreement requiring just cause for disciplinary action against an employee when it reassigned a union member from one division to another. "The grievance filed is clearly a dispute for resolution by the arbitrator and it is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute" (*Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Barni*, 51 NY2d 894, 895 [1980], *rearg denied* 52 NY2d 829 [1980]; *see Matter of County of Broome [Fitzpatrick]*, 111 AD2d 467, 468 [1985], *lv denied* 65 NY2d 608 [1985]; *see generally* CPLR 7501; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 142-143 [1999]). Present—Green, J.P., Hurlbutt, Scudder, Burns and Hayes, JJ.