■ In the Matter of the Arbitration between BRUCE WIEDERSPIEL, Appellant, and GARY CARSTENS, Respondent. [828 NYS2d 615]—

Peters, J. Appeal from an order of the Supreme Court (Nolan, J.), entered March 27, 2006 in Saratoga County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent were partners in numerous real estate projects until 1999 when they entered into an agreement to sell their remaining partnership assets to an undetermined third party. This agreement was updated in September 2003, further including a clause mandating that any disputes between them regarding the dissolution of their partnership be submitted to binding arbitration within 90 days following the closing of the sale. It also required that each of them deposit $100,000 into an escrow account "to fund the resolution of any and all disputes [petitioner or respondent] may have with the accountings of any of the partnerships, or the other's past use of partnership funds." The final update was in July 2004, whereby the escrowed amount was increased, and the parties further agreed to voluntarily discontinue their pending lawsuits against each other.

The vast majority of the properties were sold in September 2004, with the remaining sale completed on March 16, 2005. Petitioner served respondent with a demand to arbitrate on May 5, 2005 and, thereafter, commenced a proceeding pursuant to CPLR 7503 (a) to compel arbitration. Respondent served a timely answer seeking its dismissal.

After a conference with Supreme Court in September 2005, the parties agreed to proceed with arbitration. An order was thereafter circulated, resulting in a clause which stated that "[p]ursuant to CPLR § 7503 (a), and the parties' agreement, all outstanding issues between the parties shall be submitted to arbitration." This language was written into the signed order, replacing language initially requiring respondent to submit to the arbitration proceeding commenced by petitioner. The order thereafter detailed, among other things, the amount to be placed in escrow and a requirement that respondent discontinue the action still pending in Supreme Court, Warren County. Before Supreme Court's issuance of this negotiated order, the parties

met with the arbitrator and memorialized their agreements by letter dated September 8, 2005. After Supreme Court's issuance of the negotiated order, and the confirmation of their agreements before the arbitrator, respondent served petitioner with a list of claims. Petitioner objected and sought a permanent stay, contending that respondent's claims were time-barred pursuant to the contractual limitation in their partnership agreement, the applicable statute of limitations and the doctrine of res judicata. Finally, petitioner contended that respondent's claims exceeded the escrowed amount, thus exceeding the scope of the arbitrator's authority. Supreme Court denied petitioner's application to stay arbitration and this appeal ensued.

In considering a motion to stay or compel arbitration, a court must address the threshold issues of "whether the parties made a valid agreement to arbitrate; . . . if so, whether the agreement has been complied with; and . . . whether the claim sought to be arbitrated would be time-barred if it were asserted in [s]tate court" (*Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 201-202 [1995], *cert denied* 516 US 811 [1995]; *see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 9 [1980]). However, a right to seek a stay of arbitration may be waived when a party actively participates in the arbitration process (*see Matter of County of Broome [Truesdell]*, 122 AD2d 314, 315 [1986]).

Here, the partnership agreement expressly stated that the parties would submit "any disputes" regarding the partnership accountings or use of partnership funds to arbitration and that their right to do so would be waived if not commenced within the stated period. However, the record shows that after the parties' conference with Supreme Court, the resultant order stated that all outstanding disputes between the parties would be submitted to arbitration. This language was negotiated from its original form and notes taken by Supreme Court during that conference confirm "the court's understanding that the partners' counsel had agreed to arbitrate their clients' claims." With the parties thereafter meeting with the arbitrator within a week of that conference and reaching an agreement on several matters, Supreme Court properly determined that petitioner's active participation waived his right to seek a stay of arbitration (*see Matter of Basil Castrovinci Assoc., Inc. v District 65 Pension Plan*, 16 AD3d 493, 494 [2005]; *Matter of Allstate Ins. Co. v Khait*, 227 AD2d 551, 551 [1996]).

Nor would the doctrine of res judicata preclude respondent's claims in arbitration due to their agreement to discontinue the litigation. Our review of both the partnership agreement as well

as the order of Supreme Court never specified that it would be discontinued "with prejudice" (*compare Moore v County of Clinton*, 219 AD2d 131, 133 [1996], *lv denied* 89 NY2d 851 [1996]).

As to the further contention that these claims exceed the amount that the parties agreed to place in escrow, we note that, having found that the disputes are arbitrable, "the court's inquiry is ended" (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 96 [1975]). The task of deciding the value and merits of each claim is relegated to the arbitrator (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307 [1984]).

We have reviewed and rejected all remaining contentions.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.