Craig FARKAS and Keith
Dunn, Plaintiffs,

v.

RECEIVABLE FINANCING
CORPORATION, A Virginia
Corporation,

and

Allstate Financial Corporation,
A Virginia Corporation,
Defendants.

Civ. A. No. 92–764–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 6, 1992.

David Rosenblum, Rosenblum & Rosenblum, Alexandria, Va., for Craig Farkas and Keith Dunn.

Valerie Perrin Morrison, Gold & Stanley, Alexandria, Va., for Receivable Financing Corp. and Allstate Financial Corp.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

This matter is before the court on the motion of Receivable Finance Corporation ("RFC") for amendment or alteration of a judgment entered herein on August 14, 1992; for leave to file an amended answer herein; and for consolidation of this action with Civil Action No. 92–1183–A.

### Statement of Facts and Procedural History

On July 12, 1991, Plaintiffs, Craig Farkas ("Farkas") and Keith Dunn ("Dunn"), instituted arbitration proceedings to resolve a dispute between them and RFC and Allstate Financial Corporation ("AFC"), RFC's parent corporation. The disputes arose out of Employment Agreements dated April 16, 1990, between RFC and Farkas and Dunn, respectively. Each Employment Agreement provided that: "[T]his agreement shall be governed by the law of the State of Virginia its place of origin." Each Employment Agreement also provided for binding arbitration to be conducted in Arlington, Virginia pursuant to the rules of the American Arbitration Association ("AAA").

AFC petitioned the Circuit Court for the County of Arlington, Virginia (the "State Court") for an order staying the arbitration as to it on the ground that it was not a party to the Employment Agreements and hence had not agreed to arbitration. The State Court granted the motion and stayed the arbitration as to AFC.

Subsequently, plaintiffs and RFC agreed that, as a matter of convenience, the arbitration proceedings could be conducted in the AAA offices in Washington, D.C. However, counsel for the parties agreed that any award could be enforced in Virgi-

nia. On May 21, 1992, the arbitrators entered awards against RFC in favor of Farkas in the amount of $202,834.00 and in favor of Dunn in the amount of $150,625.00. The award provided that each party would be responsible for its own attorney's fees and costs but that the administrative fees and expenses of the AAA and the remuneration of the arbitrators were to be borne 25% by Farkas, 25% by Dunn and 55% by RFC. On June 2, 1992, plaintiffs, invoking the diversity jurisdiction of this court and relying upon the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, filed a complaint seeking enforcement of the awards against RFC. They also sought enforcement of the award against AFC on the theory that RFC was the alter ego of AFC generally and in respect to all events of liability on which the arbitration award was premised. RFC and AFC were served with the complaint in this action by registered mail on June 4, 1992, but declined to acknowledge service, thereby requiring plaintiffs to arrange for personal service which was made on RFC on June 30, 1992, and on AFC on July 6, 1992.

Even though RFC was aware of the existence of this action, it filed on June 24, 1992, in the Superior Court for the District of Columbia (the "D.C. Court"), an Application To Vacate Arbitration Award on the grounds that the arbitrators had exceeded their powers "by ignoring clear and unambiguous language in contract documents between the parties which expressly precluded the award that was rendered" and "by admitting parole evidence to vary the meaning of contract documents, and admitting the rankest forms of hearsay evidence throughout the course of the proceedings."

On July 20, 1992, AFC filed in this court a motion for stay of further proceedings as to it pending resolution of the proceedings instituted by RFC in the D.C. Court. On the same date AFC filed its answer to the complaint in this action, wherein it admitted the existence of the arbitration award in favor of plaintiffs against RFC but denied that RFC is the alter ego of AFC. AFC also asserted that, because the State Court had assumed jurisdiction over the arbitration as to AFC by entering a stay of the arbitration as to it, the State Court should be permitted to conclude all matters related to the arbitration.

On July 27, 1992, RFC filed a motion to dismiss the complaint on the ground that this action was premature because the ninety (90) day period provided in the Virginia Arbitration Act for seeking vacation of an arbitration award had not expired when this action was filed. RFC cited no authority in support of that motion. RFC also filed its answer to the complaint. Also, on July 27, 1992, RFC admitted the existence of jurisdiction in this court and admitted all substantive allegations on which plaintiffs sought enforcement of the arbitration award. RFC's answer did not assert any of the statutory bases for vacation, modification or correction of the award. The answer denied the allegations that RFC was the alter ego of AFC.

On July 29, 1992, plaintiffs moved for summary judgment against RFC and for entry of a final judgment against RFC under Rule 54(b). On the same day, plaintiffs responded to AFC's petition to stay this action and to RFC's motion to dismiss it.

The record reflects that RFC's memorandum in opposition to plaintiffs' motion for summary judgment was filed in open court on August 19, 1992. However, RFC's counsel advises that the memorandum in opposition was delivered to the court on August 7, 1992, during oral argument on all then pending motions. RFC opposed entry of summary judgment on precisely the same grounds it had asserted in the D.C. Court as the bases for vacating the award (whether the arbitrators exceeded their powers by considering hearsay and by finding the contracts not to be ambiguous). According to RFC, the naked assertion of these theories raised material and factual issues which precluded summary judgment in this court.

On August 7, 1992, Judge Williams denied AFC's petition for stay; denied RFC's motion to dismiss; granted plaintiffs' motion for summary judgment against RFC and directed entry of final judgment there-

on pursuant to Fed.R.Civ.P. 56(b); and granted plaintiffs' motion for assessment of service costs against both defendants. The judgment order reflecting those decisions and directing entry of final judgment under Fed.R.Civ.P. 54(b) was entered on August 14, 1992 (the "August 14 Judgment Order").

On August 19, 1992, RFC filed in this court a pleading entitled Application To Vacate Arbitration Award ("Civil Action No. 92–1183–A"). That pleading is in all respects the same as the Application To Vacate The Arbitration Award which RFC filed on June 24, 1992 in D.C. Court.

On August 24, 1992, RFC filed a motion to alter or amend the August 14 Judgment Order entered in this action. RFC asked: (i) that the August 14 judgment order be vacated; and (ii) for leave to file an amended answer. RFC also requested an order consolidating Civil Action No. 92–1183–A with this action. In support of the foregoing relief, RFC made exactly the same arguments which it previously had asserted in opposition to plaintiffs' motion for summary judgment. Plaintiffs opposed RFC's motion to alter or amend judgment, for leave to file an amended answer and to consolidate. The court heard oral argument on RFC's motions on September 18, 1992. For the reasons set forth below, the motion to amend or alter judgment and for leave to file an amended answer is denied. The motion to consolidate Civil Action No. 92–1183–A with this action is granted and plaintiffs are granted summary judgment in Civil Action No. 92–1183–A.

### Discussion

RFC and plaintiffs agree that the disputes arising out of the Employment Agreements were properly submitted to arbitration and that the arbitrators had jurisdiction over the subjects to which the award pertains. RFC has made timely and proper application for entry of an order confirming the award. 9 U.S.C. § 9. *See also* Va.Code Ann. § 8.01–581.09. RFC has not advanced, in the D.C. Court, in any pleading in this action or in Civil Action No. 92–1183–A, any ground for vacation of the

arbitration award except that the arbitrators exceeded their powers. 9 U.S.C. § 10(d). *See also* Va.Code Ann. § 8.01–581.010, subd. 3.

Hence judgment must be entered on the award unless the court finds that the arbitrators exceeded their powers. 9 U.S.C. § 9. *See also* Va.Code Ann. § 8.01–581.09. According to RFC's counsel, that issue was before Judge Williams on August 7, 1992, when he heard oral argument on Plaintiffs motion for summary judgment. Therefore, it was decided adversely to RFC when summary judgment was granted from the bench on August 7, 1992. That decision is reflected in the August 14 Judgment Order.

RFC's motion to alter or amend the August 14 Judgment Order asks the court to take note of the allegations in Civil Action No. 92–1183–A wherein RFC asserts once again that the arbitrators exceeded their powers by ignoring the clear and unambiguous terms of the Employment Agreements and by accepting, over RFC's objections, extensive and improper hearsay evidence. RFC also asserts this reason as the sole ground on which it seeks alteration or amendment of the August 14 Judgment Order, contending that summary judgment could not properly have been entered on these issues because the assertion of those grounds, without more, raises material fact issues which precluded the entry of summary judgment. Finally, RFC argues that unless the August 14 Judgment Order is set aside, RFC will have been "denied its statutory right to judicial review" of the award. RFC is in error on all counts.

First, RFC admitted in its answer all of the pertinent allegations of the complaint necessary for entry of an order confirming the award and opposed the entry of summary judgment only on the rather fanciful notion that a genuine dispute of material fact is raised by RFC's naked assertions that the arbitrators exceeded their powers in ignoring clear and unambiguous terms of the contract and in admitting hearsay. The court is at a loss to determine how the mere articulation of these legal theories raises a factual dispute which would pre-

clude summary judgment. RFC's truncated and conclusory pleadings do not help in identifying any factual dispute, much less one which would preclude entry of summary judgment.

■ Second, RFC's theory fails as a matter of law. Arbitrators do not exceed their powers by admitting or considering hearsay evidence. The AAA rules of procedure, which the parties agreed were to govern the arbitration proceedings, provide in pertinent:

> The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to understanding and determination of the dispute.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary....

Rule 31, AAA Commercial Arbitration Rules, as amended January 1, 1991. Accordingly, as a matter of law, the arbitrators did not exceed their powers by considering hearsay evidence.

■ Nor can it be said that the arbitrators exceeded their powers by deciding what the contract meant. To the contrary, that is one of the issues which the parties submitted for decision in the arbitration. Hence, the arbitrators acted within their powers in deciding the meaning of the contract. Perhaps, RFC intends to argue that the arbitrators exceeded their powers by misinterpreting the contract or by committing an error of law. If so, the argument fails because, as a matter of law, neither reason constitutes a ground on which an award can be vacated. *Federated Dept. Stores, Inc. v. J.V.B. Industries, Inc.*, 894 F.2d 862 (6th Cir.1990); *National R.R. Passenger Corp. v. Chesapeake & O. Ry. Co.*, 551 F.2d 136 (7th Cir.1977); *Office of Supply, Government of Republic of Korea v. New York Nav. Co., Inc.*, 469 F.2d 377 (2d Cir.1972).

For the foregoing reasons, the original decision made by Judge Williams on August 7, 1992, clearly was correct and there is no basis in fact or law to amend or alter the August 14 Judgment Order. There is no basis to permit amendment of RFC's answer because it simply advances the meritless theories rejected above.

Finally, RFC has moved to consolidate Civil Action No. 92–1183–A with this one. In their pleadings, plaintiff oppose the motion to consolidate these actions. However, at oral argument, counsel for both parties agreed that the proceedings in the D.C. Court would not go forward and that it would be in the interest of justice to consolidate Civil Action No. 92–1183–A with this action. Counsel for plaintiff, however, conditioned his agreement upon a grant of summary judgment against RFC *nunc pro tunc* in Civil Action No. 92–1183–A.

Civil Action No. 92–1183–A presents no issue of substance different from those issues which were before the court when it decided motion for summary judgment in this action. Those issues have been reviewed in this opinion and once again have been decided adversely to RFC. Accordingly, and considering the interests of justice and the agreement of the parties, it is appropriate to consolidate Civil Action No. 92–1183–A with Civil Action No. 92–764–A. Furthermore, for the reasons stated above and based upon familiar and generally accepted principles of *res judicata*, the plaintiffs are entitled to summary judgment against RFC in Civil Action No. 92–1183–A.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Order to all parties.

It is so ORDERED.