## CIRCUIT COURT OF THE CITY OF ROANOKE

E. J. Miller
Construction Co., Inc.

v.

Rengin T. Holt

May 6, 1998

Case No. CL98000101-00

BY JUDGE JONATHAN M. APGAR

This matter comes on pursuant to the Uniform Arbitration Act, Virginia Code Ann. §§ 8.01-581.01, *et seq.*, to confirm an arbitration award dated December 29, 1997. The parties have agreed that the only ground upon which Rengin T. Holt seeks to vacate the award obtained by E. J. Miller Construction Co., Inc. ("Miller") is pursuant to § 8.01-581.010(3), that the arbitrator exceeded his powers. An arbitrator exceeds his powers by misinterpreting the contract or by committing an error of law. *Farkas v. Receivable Fin. Corp.*, 806 F. Supp. 84 (E.D. Va. 1992). The Court holds that the arbitrator did not exceed his powers in any aspect of the award, save one. The Court vacates the award of $85,000.00 in delay damages, in that the arbitrator both misinterpreted the contract and committed an error of law.

I. *The Damage Award Exceeds the Express Terms of the Contract*

Arbitrators derive their authority solely from the parties' contractual agreement to arbitrate disputes arising under the contract. Thus, arbitrators exceed the scope of their authority when they purport to act beyond the terms of the contract from which they draw their authority. *Trustees v. Taylor & Parrish, Inc.*, 249 Va. 144 (1995). The *only* remedy under the contract for any delays is an extension of the contract time. While a review by the arbitrator as to whether or not delay damages could be granted relates to the contract, the

only way delay damages could be granted is to rewrite the contract. From a practical standpoint, where experienced parties agree to allocate unknown or undeterminable risks, they should be held to their bargain. Courts or juries should not be permitted to rewrite the agreement. *Envirotech Corp. v. Halco Eng'g*, 234 Va. 583 (1998). *See also, D. C. McClain, Inc. v. Arlington County*, 249 Va. 131 (1995).

This same conclusion is reached regardless of whether the Court considers Holt's claim that the procedure under the contract for claims for additional costs was never utilized by Miller (which Miller complains is raised for the first time during this judicial review). As an award of monetary damages for delay was never envisioned by the parties, the arbitrator went beyond the express terms of the contract to reach the conclusion he did.

## II. *The Arbitrator Grossly Misconstrued Virginia Law in Reaching a Delay Damage Amount*

Assuming *arguendo* that, as the question of delay damages relates to the contract, the arbitrator could consider the question and award delay damages, the damage award will still be vacated. This is not because the Court would have given a different decision in this matter, but because the arbitrator grossly mistook the law of Virginia as to calculation of damages. Miller had to show sufficient facts and circumstances to permit the arbitrator to make a reasonable estimate of damages. In this case, the delay damages were based on evidence too uncertain and indefinite, and to allow such damages would be simply conjectural. *Atlantic & Danville Ry. v. Delaware Const. Co.*, 98 Va. 503 (1900). Further, as to any lost profits, they will be allowed only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty. Lost profits that are speculative, remote, uncertain, or contingent are not recoverable. *Techdyn Systems Corp. v. Whitaker Corp.*, 245 Va. 291 (1993). From the evidence that the arbitrator received as to delay damages (Miller's Exhibit 41) and to lost profits, the Court holds as a matter of law that such evidence was uncertain, indefinite, conjectural, speculative, remote, and contingent. The only way the arbitrator could have awarded $85,000.00 in delay damages is by grossly misconstruing the law of Virginia.

## III. *Conclusion*

In all other respects, the award is confirmed. Reducing the amount of delay damages from the December 29, 1997, award leaves Holt owing Miller

$99,000.00, plus interest on same at the rate of 9% per year on any payments not received by January 30, 1998, until paid.