## CIRCUIT COURT OF THE CITY OF NORFOLK

Patrick W. O'Connell et ux

v.

Ronald A. Dukes et al.

Case No. (Law) L99-372

George R. Payne, III, et ux.

v.

Ronald A. Dukes et al.

Case No. (Law) L99-373

Davenport-Dukes Financial Services, Inc., et al.

v.

Patrick W. O'Connell et al.

Case No. (Law) L99-735

December 16, 1999

BY JUDGE EVERETT A. MARTIN, JR.

This letter will address issues raised at the hearing of November 10 and issues subsequently raised.

### CNA's Motion to be Made a Party

For the reasons stated in CNA's brief, CNA will be joined as a party defendant in these three actions concerning the motion to modify paragraph 21 of the award.

*Davenport-Dukes's Motion to Amend*

These actions were argued and submitted to the Court for decision on November 10, 1999. I find a motion to amend the pleadings filed on November 22, 1999, comes too late. The motion is denied.

*Errors Apparent on the Face of the Award*

In Virginia, the authority of a court to set aside an arbitration award for error apparent on its face was recognized as early as *Pleasants v. Ross*, 1 Va. (1 Wash.) 156 (1793). This authority was codified in the revised Code of Virginia (1849) in Ch. 153, § 4:

No such award shall be set aside, except for errors apparent on its face, unless it appears to have been procured by corruption or other undue means, or that there was partiality or misbehavior in the arbitrators or umpires, or any of them … .

This statute has appeared in every subsequent revision of Virginia statutory law. It was included in the 1977 revision of the civil procedure statutes as § 8.01-580. That statute, however, was repealed by 1986 Acts of Assembly, c. 614, which also adopted the Uniform Arbitration Act. The repeal of § 8.01-580 and the absence of an express provision in § 8.01-581.010 authorizing a court to vacate an award for error on its face shows a legislative intent to remove such authority from the court. The dictum in *Waterfront Marine Construction v. North End 49ers*, 251 Va. 417, 433, 468 S.E.2d 894, 903 (1996), that the decision of an arbitration panel "is not reviewed for legal errors" supports this conclusion. See also *Farkas v. Receivable Financing Corp.*, 806 F. Supp. 84 (E.D. Va. 1992).

In dictum in *Wilko v. Swan*, 346 U.S. 427 (1953), the Supreme Court in construing 9 U.S.C. § 10, which is similar to § 8.01-581.010, may have created an additional ground for vacating an arbitration award where the arbitrators "manifestly disregard" the law and the arbitrator's failure is "made clearly to appear." 346 U.S. at 436-37. However, considering the history of the Virginia statutes, I believe such a construction would amount to judicial legislation. If the statute is to be changed, it is for the General Assembly, not this Court.

## Miscalculation of Figures

Section 8.01-851.011(1) allows the Court to modify the award for "evident miscalculation of figures." That phrase necessarily means an arithmetical error apparent on the face of the award, or, perhaps, by reference to stipulated or uncontroverted evidence in the record. See *Apex Plumbing Supply, Inc. v. U. S. Supply Co.*, 142 F.3d 188 (4th Cir. 1998). As the arbitrators here made a general award without giving their calculations, it is not possible for me to find that they miscalculated.

## Imperfect in a Matter of Form

Counsel for Davenport-Dukes has strained mightily to convince the Court that removing the arbitrators' finding of common law fraud from paragraph 21 of the award is of little significance and is only a matter of form. I have wondered why he tries so hard if the issue is of so little import. The answer, of course, is that he believes the requested modification is significant, and it is requested for tactical purposes in related insurance litigation. The authority to modify an award for imperfection in a matter of form does not allow the court to substitute its judgment, or, I might add, that of the parties, for that of the arbitrators. See *Diapulse Corp. of America v. Carba, Ltd.*, 626 F.2d 1108 (2d Cir. 1980). Paragraph 21 of the award speaks for itself, and the requested modification is of substance, not form.