Filed 4/27/23  Powell v. Public Storage CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| SOLOMON NATHANIEL POWELL,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>PUBLIC STORAGE,<br><br>     Defendant and Respondent. | B321126<br><br>(Los Angeles County<br>Super. Ct. No. 20NWCV00524) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Margaret Miller Bernal, Judge.  Affirmed.

Solomon Nathaniel Powell, in pro. per., for Plaintiff and Appellant.

Sacro & Walker, John Walker, William Walker and Lisa M. Burnett for Defendant and Respondent.

_____

# INTRODUCTION

Plaintiff Solomon Nathaniel Powell claims that some of his property was stolen from a storage unit he rented at a Public Storage facility. He sued Public Storage in superior court for negligence. Public Storage successfully moved to compel arbitration pursuant to the parties' rental agreement, and at the conclusion of the arbitration hearing the arbitrator ruled in favor of Public Storage. The superior court then denied Powell's petition to vacate the arbitration award and entered a judgment confirming the award.

Powell now appeals from the judgment confirming the award. Judicial review of an arbitration award is limited, and we do not find any merit to Powell's challenges to the award in this case. Accordingly, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

## A. Powell Rents a Storage Unit from Public Storage and Agrees to Arbitrate any Disputes

On March 14, 2020, Powell rented a storage unit at a Public Storage facility in Huntington Park, California. Powell signed Public Storage's standard rental agreement. The rental agreement released Public Storage from any liability to Powell for losses caused by its "negligence, unless the Loss is directly caused by our intentional or reckless conduct," and required Powell to "have some form of insurance covering the property" in the rented storage space. The agreement further contained a provision for mandatory arbitration of any disputes between the parties, with the arbitration "governed and administered by the Streamlined Arbitration Rules and Procedures of Judicial Arbitration and Mediation Services, Inc. ('JAMS') then in effect

and as modified by this Rental Agreement, by one commercial arbitrator with substantial experience in resolving commercial contract disputes." The arbitration provision further specified that "[a]ll disputes concerning the arbitrability of a claim (including disputes about the interpretation, breach, applicability, enforceability, revocability or validity of this Rental Agreement . . . ) shall be decided by the arbitrator."

## B.     The Parties' Dispute and Powell's Negligence Action

Powell claims that items were stolen from his storage unit in April 2020. He reported the theft to the Huntington Park Police Department.

On September 28, 2020, Powell sued Public Storage in superior court, claiming the company was liable for his theft loss. Powell alleged that, on April 16, 2020, he discovered that someone had broken into his unit and his "backpack, various personal items, laptop, hard drive, etc." were missing. Powell alleged that there had been multiple other break-ins at the facility. He alleged that Public Storage was negligent because "[it] knew beforehand that the flimsy wire mesh coverings above the locker units accessible by ladder could be easily cut, unbolted, or pried open with tools, scissors or hands." Powell claimed that Public Storage "knew beforehand that customers may enter the premises before the 9 pm lockout and stay longer without tripping any alarms within the building."

As an additional ground for his negligence claim, Powell asserted Public Storage failed to communicate to him about other break-ins at the facility. He also asserted Public Storage staff refused to allow police into the facility to investigate; he alleged that "[t]he basis for their refusal was that any police presence at the property would make Public Storage look 'bad[.'] " Powell

3

alleged that he had suffered mental harm as a result of the loss of his property and Public Storage's refusal to allow police into the facility. Powell's complaint sought compensatory and punitive damages of $1 million.

On November 20, 2020, Public Storage moved to compel arbitration. After a hearing, the court granted Public Storage's motion and stayed the superior court action pending the arbitration.

## C.    The Arbitration

Powell filed a demand for arbitration with JAMS on April 1, 2021, asserting claims for both negligence and gross negligence. He alleged that there was a break-in at his storage unit between April 10 and April 18, 2020, that Public Storage "acted with 'extreme negligence by not adequately maintaining the security of the personal lockers, by not communicating with [Powell] and by refusing to allow the Huntington Park police onto the premises.' " He alleged that various items of personal property were taken. In its response, Public Storage denied any negligence and stated that Powell had failed to establish that his unit had in fact been burglarized.

On May 11, 2021, JAMS appointed Adrienne Publicover, Esq. as the arbitrator. After holding a preliminary hearing and scheduling conference, a discovery management conference, and a hearing regarding a discovery dispute, the arbitrator held a one-day evidentiary hearing on November 9, 2021, at which the parties participated remotely. The parties submitted arbitration briefs and 54 joint exhibits, all of which the arbitrator received into evidence. Powell testified on his own behalf. Public Storage called two witnesses, a district manager and an insurance claims manager. The arbitrator set a deadline of November 23, 2021, for

4

post-hearing briefs; both parties submitted briefs by the deadline, and Powell submitted an additional, "amended" brief with exhibits past the deadline, on November 30, 2021.

On December 10, 2021, the arbitrator issued her final award denying Powell's claim. The arbitrator concluded that Powell's negligence claim failed because Public Storage did not owe Powell a duty of care. The arbitrator relied on the parties' rental agreement, which provided that Public Storage did not make any "implied or express warranties, guarantees, or representations of the nature, condition, safety, or security of" Powell's unit, and limited Public Storage's liability to losses caused by its intentional or reckless conduct. The arbitrator also relied on the requirement in the parties' agreement that Powell purchase insurance covering his property. Powell did purchase $3,000 in insurance through Public Storage, and his insurance claim was pending.

The arbitrator rejected Powell's res ipsa loquitur theory of liability, in part by concluding that Powell had not met his burden to establish either that someone had broken into Powell's storage unit or that Public Storage was negligent. The arbitrator found that "[Public Storage]'s witness, [facility manager Ashley] Reyes, credibly testified as to the various security measures employed by the facility, including entrance codes, security cameras and lock checks." The arbitrator found Powell did not establish that someone broke into his unit because "only [Powell] had the combination and key to the two locks that secured his unit," and his theory that someone entered his unit through the mesh covering at the top failed because he relied on photos which "show[ed] only a slight bend in the mesh, insufficient to establish that there was a break in."

5

The arbitrator rejected Powell's gross negligence claim, finding he had provided no evidence to support the basis of that claim which was that a Public Storage employee had stolen his items. The arbitrator observed that "[Powell] testified that he had heard rumors from 'Jason,' another tenant, who allegedly witnessed a male employee climbing a ladder and taking some property. He acknowledged that 'Jason' did not know if the other male went inside the lockers to enforce a lien or seize property (both of which would have been legitimate reasons to enter a unit). [Powell] acknowledged these were 'rumors' and his 'theoretical beliefs[';] he does not have any actual proof."

The arbitrator's decision addressed Powell's responses to questions during the arbitration hearing about whether he was the defendant in several prior criminal cases. Powell denied that he was the person involved in some of the cases; as to the others, he asserted his Fifth Amendment right not to incriminate himself and refused to answer. The arbitrator observed that "It is unclear how an answer by [Powell] confirming or denying that he was the defendant in these prior cases would be incriminating, especially given the amount of time that has passed and in the face of instances where [Powell] specifically responded 'no' to such questions." However, the arbitrator indicated she did not need to make any "specific findings with regard to [Powell]'s credibility," including his Fifth Amendment invocation, because "such findings [we]re not necessary to [her] conclusions," including that "[e]ven if the theft alleged occurred, [Public Storage] is not liable for the damages claimed."

The arbitrator indicated she did not consider Powell's untimely post-hearing brief and exhibits but that "nothing

additional provided therein would change [her] conclusions in this matter."

## D. Powell's Petition to Vacate the Arbitration Award and Public Storage's Petition to Confirm the Award

On March 18, 2022, Powell served a petition to vacate the arbitration award on Public Storage.[1] In his petition, Powell sought vacatur under Code of Civil Procedure[2] section 1286.2, subdivision (a)(3) and (5), on the grounds the arbitrator committed misconduct and refused to hear material evidence. Powell claimed that the arbitrator "acted with misconduct by threatening to dismiss the case or exclude [Powell's] testimony if [Powell] refused to participate in a deposition hearing held by . . . Public Storage. This forced [Powell] to participate in a deposition he clearly did not want to participate in, especially a videotaped one." At the deposition, Powell invoked his Fifth Amendment right to not incriminate himself and he claimed in his petition that the arbitrator improperly allowed Public Storage to use this as character evidence against him.

Powell also claimed that his rights were "substantially prejudiced" because the arbitrator "refused to hear deposition testimony from the witnesses (police officers, employees of Public Storage present during the incident) requested to be subpoenaed

---

[1] Powell e-mailed a copy of the petition to Public Storage on March 10, 2022, but apparently did not include some attachments. He e-mailed the attachments on March 18, 2022, and that is the date listed on his proof of service. Powell did not file his petition until March 24, 2022.

[2] Unspecified statutory references are to the Code of Civil Procedure.

7

by" Powell for deposition. Powell claimed that the arbitrator "refused to consider additional evidence submitted by [Powell]" in an "amended" brief he filed after the briefing deadline. Powell asserted that "Failure to consider this additional evidence/argument material to the controversy (police call log records, etc.) was prejudicial" to him. Powell submitted with his petition copies of several orders issued by the arbitrator prior to her final award.

On March 18, 2022, Public Storage filed a petition to confirm the arbitration award.

On April 19, 2022, the court held a hearing on the parties' dueling petitions. Powell did not appear, and Public Storage submitted on the tentative ruling posted by the court. The court denied Powell's petition to vacate the arbitration award and granted Public Storage's petition to confirm the award. The court rejected Powell's claim that the arbitrator acted inappropriately in requiring Powell to appear for a deposition, noting that the arbitrator did not preclude Powell from invoking the Fifth Amendment in response to specific questions and did not make any findings regarding Powell's credibility. The court rejected Powell's argument that the arbitrator unfairly limited his ability to conduct depositions because (1) the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.), which applied under the terms of the parties' arbitration agreement, "does not provide for prehearing discovery or depositions at all, and does not give arbitrators the right to compel discovery from third parties," and (2) the applicable JAMS rules did not require depositions. Furthermore, the court noted, the arbitrator gave each party the right to take one four-hour deposition, and Powell did not show up at the deposition he had requested of Public Storage.

8

That same day the court entered a judgment confirming the final arbitration award. Powell timely appealed three days later.

## DISCUSSION

Powell contends that the trial court erred in confirming the arbitration award for three reasons. The first is a new argument not presented to the trial court—that the arbitrator improperly enforced the provision in the parties' agreement limiting Public Storage's liability to gross negligence. Second, he asserts the arbitrator failed to hear certain evidence. Finally, he argues the arbitrator committed misconduct by improperly drawing adverse inferences against him based on his assertion of the Fifth Amendment.

## A.    Legal Principles and Standard of Review

"California law favors alternative dispute resolution as a viable means of resolving legal conflicts." (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916.) "[I]t is the general rule that parties to a private arbitration impliedly agree that the arbitrator's decision will be both binding and final." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9, fn. omitted (*Moncharsh*).) "Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration." (*Id.* at p. 10.)

While the parties agreed in the rental contract that the arbitration would be governed by the FAA, the procedural rules of the California Arbitration Act (CAA; § 1280 et seq.) regarding judicial review of an arbitration award govern in this case. (See *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334,

9

1340, fn. 2 ["Because the parties proceeded in state court under the CAA, we conclude that judicial review of the award is governed by state law, though the arbitration proceedings are governed by federal procedural law"] (*Cable Connection*); *SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1195 ["California courts are not required to apply" the FAA provisions governing vacatur of arbitration awards].)[3]

"[A]n arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties." (*Moncharsh*, *supra*, 3 Cal.4th at p. 6.)  Instead, "judicial review of private, binding arbitration awards is generally limited to the statutory grounds for vacating (§ 1286.2) or correcting (§ 1286.6) an award."  (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775, citing *Moncharsh*, at pp. 8-28.)  Thus, there are three types of petitions available—to vacate, correct or confirm an award.  (§ 1285.)

_____

[3] The arbitration clause in *Cable Connection* provided, in language very similar to that used in the parties' arbitration agreement here, that " 'any arbitration conducted hereunder shall be governed by the [FAA].' " (*Cable Connection, supra*, 44 Cal.4th at p. 1342, fn. 3.)  The court rejected the plaintiffs' argument that the arbitration clause required application of FAA rules governing judicial review of the arbitration award because the FAA provisions referred to review in a federal court, "[t]he parties' contract did not specify whether enforcement proceedings were to be brought in state or federal court," the petition to vacate was filed in state court, and both parties initially proceeded as though the CAA procedures controlled.  (*Cable Connection, supra*, at p. 1351, fn. 12.)  Similarly here, both parties have proceeded as though the CAA procedures control.

10

When any type of petition is filed, "the court shall confirm the award as made . . . unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding." (§ 1286.) Pursuant to section 1287.4, "If an award is confirmed, judgment shall be entered in conformity therewith. . . ."

Powell seeks to vacate the arbitration award under section 1286.2, subdivision (a)(3) and (5). Subdivision (a)(3) requires vacatur where "The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator." (*Id.*, subd. (a)(3).) As relevant here, subdivision (a)(5) requires vacatur where "The rights of the party were substantially prejudiced . . . by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title." (*Id.*, subd. (a)(5).)

"To determine whether an arbitration award should be vacated under . . . section 1286.2, we review the trial court's decision de novo." (*Bacall v. Shumway* (2021) 61 Cal.App.5th 950, 957.) However, when the court's decision turns on disputed evidentiary matters, the substantial evidence test applies. (*SWAB Financial, LLC v. E\*Trade Securities, LLC*, *supra*, 150 Cal.App.4th at p. 1198.)

## B. Powell's Claim that the Arbitrator Improperly Enforced the Contract's Limitation of Liability Fails

In rejecting Powell's general negligence claim, the arbitrator relied in part on a provision in the parties' agreement limiting Public Storage's liability to losses caused by its intentional or reckless conduct (i.e., its gross negligence). Powell contends the arbitrator erred because this damage limitation was unenforceable under Civil Code section 1668. That section

11

provides that, "All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." (Civ. Code, § 1668.)

Powell did not present this issue to the trial court when seeking vacatur, which precludes him from raising it on appeal. (*Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767.) Even if we were to address Powell's argument, we would reject it because the arbitrator's decision on the application of Civil Code section 1668 is not subject to court review. The arbitration clause in the parties' agreement did not limit the issues the arbitrator could address when resolving disputes. It instead broadly provided for arbitration of "any and all disputes or claims arising out of, in connection with, or in any way relating to the relationship between" Powell and Public Storage, and that "All disputes concerning the arbitrability of a claim (including disputes about the interpretation, breach, applicability, enforceability, revocability or validity of this Rental Agreement . . .) shall be decided by the arbitrator." Thus, the enforceability of the provision limiting Public Storage's liability was within the scope of the arbitration and for the arbitrator to determine. (See *Moncharsh, supra,* 3 Cal.4th at p. 30 ["when . . . the alleged illegality goes to only a portion of the contract (that does not include the arbitration agreement), the entire controversy, including the issue of illegality, remains arbitrable"].) As a

12

result, the arbitrator's determination of that issue is not "reviewable for errors of fact or law" by this court. (*Id.* at p. 6.)[4]

## C. Powell's Challenge to the Arbitration Award Under Section 1286.2, Subdivision (a)(5) Fails

Relying on section 1286.2, subdivision (a)(5), which requires vacatur where "[t]he rights of the party were substantially prejudiced . . . by the refusal of the arbitrators to hear evidence material to the controversy," Powell contends he was substantially prejudiced by a "lack of witness testimony and/or documents procured from those witnesses." Section 1286.2, subdivision (a)(5) "was designed as a 'safety valve in private arbitration that permits a court to intercede when an arbitrator has prevented a party from fairly presenting its case.' [Citation.] It comes into play, for example, when an arbitrator, without justification, permits only one side to present evidence on a disputed material issue." (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 368.) "To find substantial prejudice the court must accept, for purposes of analysis, the arbitrator's legal theory and

---

[4] We further note the arbitrator's decision makes clear she rejected Powell's negligence claim on other grounds including that he had not established factually that Public Storage was negligent or that there was a break-in at his unit such that Civil Code section 1668 was not dispositive in any event. Moreover, the policy expressed in Civil Code section 1668 "is not enforced in every context, and contractual releases of future liability for ordinary negligence, as well as contractual indemnity provisions, insurance contracts, and other limitations on liability are generally enforceable." (*Farnham v. Superior Court* (1997) 60 Cal.App.4th 69, 71.) This includes contracts regarding the rental of storage space. (*Cregg v. Ministor Ventures* (1983) 148 Cal.App.3d 1107, 1111.)

conclude that the arbitrator might well have made a different award had the evidence been allowed." (*Hall v. Superior Court* (1993) 18 Cal.App.4th 427, 439.)

At the outset of the arbitration, the arbitrator held a preliminary hearing and then issued a scheduling order allowing each party to conduct one deposition—namely, a four-hour deposition of the opposing party. The order stated, "If either party wants to conduct additional fact discovery, they shall promptly notify JAMS and a conference will be scheduled." The arbitrator further ordered the parties to exchange "all non-privileged documents and information (including surveillance videos if they exist) relevant to the dispute," and allowed each party to serve up to 20 requests for production of documents.

At a later discovery management conference, Powell requested permission to depose "[Public Storage]'s district manager; three (3) of [Public Storage]'s employees who allegedly were present when [Powell] reported the incident; and the police investigator who provided a police report." The arbitrator reiterated that Powell could depose one "employee/manager of [Public Storage]." The arbitrator later directed Public Storage to make available for that deposition its "employee/manager . . . who is most knowledgeable about the events alleged by" Powell. When the deposition was scheduled, Powell did not appear to question the witness. Powell did not make any further request to depose additional witnesses, or to reschedule the deposition he failed to attend.

Powell fails to demonstrate substantial prejudice with regard to his claims concerning the requested depositions of additional Public Storage employees. An arbitrator's decision on a discovery issue falls within "the general rule that, with narrow

14

exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh, supra,* 3 Cal.4th at p. 11; see *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 164 [court concluded it could not review the merits of the arbitrator's ruling on a discovery matter]; *Alexander v. Blue Cross of California* (2001) 88 Cal.App.4th 1082, 1089 [arbitrator does not exceed their powers by ruling on a discovery issue within the scope of the arbitration even if the ruling is erroneous].)

To the extent we have authority to review this discovery ruling, we perceive no substantial prejudice to Powell. The facts in this matter were not particularly complex. Putting aside whether Powell was entitled in the first place to party depositions at all under the applicable arbitration rules, the arbitrator here ordered Public Storage to produce a person most knowledgeable for a four-hour deposition, at which Powell then failed to appear. The arbitrator also ordered the parties to exchange documents and permitted Powell to propound document discovery requests. Under these circumstances, Powell cannot demonstrate that the facts he asserts he might have elicited at deposition of other Public Storage employees would not have been elicited during the person most knowledgeable deposition that he failed to attend.

With regard to the police investigator, the arbitrator did not have authority to compel a third party to attend a pre-hearing deposition given the arbitration agreement here. (*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 395-404.) The arbitrator thus did not commit error warranting vacatur by refusing to mandate a deposition which she lacked the authority to order. While the arbitrator was authorized to issue a subpoena for a nonparty to testify at the arbitration itself as well as to produce records (*id.* at p. 393),

15

nothing in the record shows Powell ever requested such a subpoena for the investigator, much less that the court refused to issue the subpoena. Given the lack of any requested subpoena for testimony at the hearing, it is not the case that the arbitrator refused to hear testimony from the investigator in violation of section 1286.2, subdivision (a)(5). (E.g., *Schlessinger v. Rosenfeld, Meyer & Susman* (1995) 40 Cal.App.4th 1096, 1105 ["arbitrator's obligation 'to hear evidence' " under § 1286.2 refers to admitting evidence at the hearing].)

## D. Powell's Challenge to the Arbitration Award Under Section 1286.2, Subdivision (a)(3) Fails

At both his deposition and the arbitration hearing, Powell asserted his Fifth Amendment right against self-incrimination in response to questions from Public Storage's counsel about whether Powell was a defendant in several criminal cases. Public Storage's counsel referred to Powell's invocation of his right against self-incrimination in its post-arbitration brief. Powell contends that Public Storage's reference to his Fifth Amendment assertions was improper under Evidence Code section 913, subdivision (a), which provides that "neither the presiding officer nor counsel may comment" on the exercise of an evidentiary privilege and "no presumption shall arise because of the exercise of the privilege, and the trier of fact may not draw any inference therefrom as to the credibility of the witness or as to any matter at issue in the proceeding." Based on this, Powell argues that the arbitration award should be vacated pursuant to section 1286.2, subdivision (a)(3), which applies when "The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator." (*Ibid.*)

16

First, it is unclear whether any statement in Public Storage's post-arbitration brief was in fact contrary to Evidence Code section 913, subdivision (a); the brief is not in the record and the parties disagree about what exactly Public Storage stated in the brief.  For its part, Public Storage contends it "merely made the point that asking about prior felony convictions does not violate the privilege against self-incrimination"; if true, such an argument would likely not contradict Evidence Code section 913, subdivision (a) if those prior cases were final.

Second, regardless of the dispute over what Public Storage actually said, the "rules of evidence . . . need not be observed" in an arbitration.  (§ 1282.2, subd. (d) [CAA]; see also *Farkas v. Receivable Financing Corp*. (E.D.Va. 1992) 806 F.Supp. 84, 87 [FAA similarly permits an arbitrator to consider evidence inadmissible in court].)  Thus, Powell has not shown that Public Storage was required to observe Evidence Code section 913 when presenting its case.

Third and most importantly, section 1286.2, subdivision (a)(3) only applies when there is "misconduct of a neutral arbitrator," and Powell does not complain about anything the arbitrator did.[5]  (§ 1286.2, subd. (a)(3).)  The arbitrator indicated

---

[5] In his appellate brief, Powell argued that the arbitrator engaged in misconduct by indicating she would exclude his testimony or dismiss his case if he refused to appear for a deposition based on his concerns about having to invoke his right against self-incrimination.  However, after the close of briefing, Powell filed a motion in which he conceded that this argument lacked merit.  In that same motion, Powell also sought to add a brief argument and a citation to a 1974 case in support of his argument about Evidence Code section 913.  We deny this

in the final award that she did *not* make any findings related to Powell's credibility or his invocation of his right against self-incrimination. Powell acknowledges this but suggests that "the harm had already been done—the award could have been easily influenced by this improper, prejudicial and illegal statement." This unsupported argument is entirely speculative. Nothing in the record suggests that the arbitrator made any adverse inference based on Powell's invocation of his right against self-incrimination. Instead, she expressly stated to the contrary and articulated several reasons for her decision finding against Powell, all of which were unrelated to Powell's criminal history and assertion of his Fifth Amendment rights.

## DISPOSITION

The trial court's judgment is affirmed. Public Storage is awarded its costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.        CHANEY, J.

---

request because Powell provides no justification for failing to present the argument and case citation in his opening brief, and he chose not to file a reply brief. (See Cal. Rules of Court, rule 8.200(a)(4).) In any event, as noted above the Evidence Code did not control the presentation of evidence in this arbitration so Powell's new case citation and related argument do not aid him.